554 A.2d 130

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Robert B. Moore, III, Appellee.

*Melissa K. Dively,* Assistant Counsel, with her, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

*Karen E. Pfeffer, Evey, Routch, Black, Dorezas, Magee* & *Andrews,* for appellee.

OPINION BY SENIOR JUDGE BLATT, October 31, 1988:

The Department of Transportation, Bureau of Traffic Safety (DOT), appeals from the order of the Court of Common Pleas of Blair County sustaining in part the appeal of Robert B. Moore, III (appellee) and remanding the matter to the district justice for rehearing. We will affirm in part and vacate in part.

Initially, the appellee received a citation on April 20, 1983 for an invalid registration sticker and was fined $44.00. Effective November 15, 1983, his operating

privilege was suspended for failure to respond to that citation. He contends that he never received notice of this suspension and did not learn of it until he was cited on March 3, 1986 for failure to stop at a red light. At that time, he was also cited for driving while his operating privilege was suspended, in violation of Section 1543 of the Vehicle Code, *as amended,* 75 Pa. C. S. §1543.

The appellee paid the fine for both of the March 3, 1986 violations,[1] and notice of the Section 1543 conviction was thereafter sent to DOT. As a result, DOT sent the appellee notice of a six-month revocation of his operating privilege. The appellee at first appealed the revocation, and then later petitioned the trial court for a remand for rehearing by district justice nunc pro tunc on both of his March 3, 1986 traffic citations.

Two hearings were held by the trial court. At the first, the court decided to continue the matter, directing DOT to present evidence at the next hearing on whether the appellee had received notice of his original suspension. After the second hearing, it was concluded that the appellee's arguments had merit. The court therefore granted the appellee's petition and remanded the matter to the district justice for rehearing.[2] The court also sustained and upheld the appellee's appeal and set aside the revocation of his operating privilege.

Before discussing the issues, we will first address the procedural and jurisdictional difficulties with this case. The case was first docketed in the common pleas

---

[1] The appellee also paid his previous fine for the invalid inspection sticker.

[2] At the second hearing, counsel for the appellee stated that the appellee was willing to forego the request for rehearing as to the citation for failure to stop at a red light and, therefore, this is the portion of the appellee's request for rehearing which was denied.

court as an appeal taken on a driver's license suspension with DOT as the "appellee." It is also captioned as a criminal proceeding with the appellee as the "defendant." The court heard and ruled on both aspects of the case simultaneously. This Court therefore has jurisdiction over the case because it stems from the appeal of the revocation of the operating privilege by DOT.

The parties disagree as to the issue before this Court on appeal. DOT phrases the question as being "[w]hether the trial court abused its discretion by considering a collateral attack of the underlying conviction at the license revocation hearing." DOT's brief at 3. The appellee, on the other hand, posits that the question is whether "the trial court act[ed] properly in granting the Petition for Rehearing Nunc Pro Tunc." Appellee's brief at 1.

We believe that the appellee's statement of the question involved is the proper issue for review. The trial court states in its order of May 28, 1987 that:

> The prayer of the petition for a rehearing on citation J163683 [Section 1543 violation] is approved and granted, and for that purpose, the matter is remanded to the District Justice.

Trial court opinion at 2. From this statement, we conclude that the trial court decided to grant the appellee's petition for remand for rehearing by district justice nunc pro tunc.

DOT attacks this procedure on the basis that it is an allowance of an impermissible collateral attack of an underlying conviction. Normally, of course, this would not be allowed. In this instance, however, an appeal nunc pro tunc from the underlying conviction had been requested and granted. Therefore, we believe that it was not improper for the trial court to hear arguments and to rule on this issue.

We next address the question of whether the court properly ruled on the petition for allowance of appeal.

An appeal nunc pro tunc is extraordinary relief that should be granted only when there has been fraud or its equivalent, or some breakdown in the court's operation through default of its officers which has resulted in injury to the appealing party. *Department of Transportation, Bureau of Traffic Safety v. Rick*, 75 Pa. Commonwealth Ct. 514, 462 A.2d 902 (1983). Our scope of review of a decision of whether to permit an appeal nunc pro tunc is limited to a determination of whether the trial court has abused its discretion or committed an error of law. *Rick*.

The appellee's basis for the request for allowance of appeal was his contention that the district justice had advised him to pay his fines and that his driving privileges would be reinstated. By the time he received his notice of suspension indicating otherwise, the 30-day appeal period had passed, and it was therefore too late to appeal the Section 1543 conviction. The appellee further argues that, if he would have challenged the citation, it would have been dismissed because he never received notice of the original suspension.

No testimony was taken at the trial court hearing of May 28, 1987, and there is no transcript in the record for the hearing of November 26, 1986. The attorneys for both parties presented oral arguments, and DOT introduced documentary exhibits regarding the citations of March 3, 1986. No evidence was introduced by DOT regarding the original suspension.

The trial court's order of May 28, 1987 contains no explicit findings of fact relevant to its decision to grant the appellee's petition. The court does, however, reject DOT's argument and states that this case is not in the category of those allowing a collateral attack of the underlying conviction. We can only assume that this means that the trial court distinguishes this case on the basis that it involves the allowance of an appeal nunc

pro tunc, and that the court believed that there was a breakdown in the system in the instant case warranting the allowance of such an appeal. We agree with the trial court that incorrect information given to the appellee by the district justice is sufficient reason to permit an appeal nunc pro tunc.

We next address the action taken by the trial court in the final paragraph of its May 28, 1987 order, which reads as follows:

> The appeal of the Petitioner [appellee] is otherwise sustained and upheld, the revocation under the notice given to the petitioner on or about June 30th, 1986, being hereby set aside.

Trial court opinion at 2. This portion of the trial court's order is in error. The petitioner's appeal should not be sustained and the revocation set aside, but rather, the revocation should be stayed pending the outcome of the criminal proceedings before the district justice upon remand. Accordingly, we will vacate this portion of the court's order.

## ORDER

AND NOW, this 31st day of October, 1988, the order of the Court of Common Pleas of Blair County in the above-captioned matter, dated May 28, 1987, is hereby affirmed insofar as it grants rehearing on citation J163683 and denies rehearing on citation J163682. The order is vacated insofar as it sustains the appeal of Robert B. Moore, III and sets aside the revocation of his operating privilege.

The revocation of Mr. Moore's operating privilege is hereby stayed pending the outcome of the proceedings before the district justice in this matter. Mr. Moore is further ordered to notify the trial court of the status of this case 90 days after it has been remanded and again every 60 days thereafter, until it has been concluded.

Jurisdiction relinquished.

President Judge CRUMLISH, JR. concurs in result only.

Judge MACPHAIL did not participate in the decision in this case.

***

## PER CURIAM ORDER

AND NOW, this 21st day of February, 1989, upon reconsideration of the above-captioned matter, this Court's opinion and order of October 31, 1988 are confirmed, and the following paragraph is hereby added to the end of the opinion:

> We stress that our holding is based upon, and limited to, the circumstances presented in this case. There must be separate appeals from both the criminal conviction and from DOT's civil action in order for a licensee to have both overturned. A criminal appeal does not stay the action of DOT, and a civil appeal cannot be used to overturn the criminal conviction. In this case, two petitions were considered by the trial court. One petition appealed the license revocation and the other requested the allowance of an appeal *nunc pro tunc* to attack the underlying criminal conviction. The trial court addressed the remedies requested in both petitions within the order which has been appealed to this Court. We further note that in the future, the trial court should docket and handle such appeals separately.