442

627 A.2d 757

**COMMONWEALTH of Pennsylvania**

v.

**John W. MARR, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued May 12, 1993.

Filed June 28, 1993.

John Woodcock, Jr., Public Defender, Hollidaysburg, for appellant.

John M. Daley, Asst. Dist. Atty., Hollidaysburg, for Com., appellee.

Before McEWEN, OLSZEWSKI and FORD ELLIOTT, JJ.

OLSZEWSKI, Judge.

This is an appeal from the order entered on November 10, 1992, in the Blair County Court of Common Pleas denying appellant John Marr's motion to dismiss. On June 21, 1990, Marr was issued a citation for operating a truck weighing 74,690 pounds over a bridge with a posted weight of 40,000 pounds.[1] Following a hearing, the district magistrate found Marr guilty and directed him to pay a total fine of $9,927.50. Marr appealed to the court of common pleas, where he was again found guilty. On February 14, 1991, the trial court ordered Marr to pay the fine and "to arrange through Blair County Costs and Fines for a schedule of payment, granting to Costs and Fines the latitude to arrange such a schedule that will be reasonable in light of [Marr's] economic circumstances." Trial court opinion, 2/14/91, at pp. 5–6. The Fines and Costs Office established a $100.00 monthly payment plan. On August 12, 1992, Marr filed a motion to dismiss, arguing that the two-year statute of limitations for motor vehicle summary offenses[2] prohibited the continued collection of

1. 75 Pa.C.S.A. § 4902.
2. 42 Pa.C.S.A. § 5553(e).

monthly payments. The trial court denied his motion, and this timely appeal followed. We affirm.

■ Marr argues that continued collection of payments is barred by the two-year statute of limitations for Title 75 summary offenses:

**Disposition of proceedings within two years.**—No proceedings shall be held or action taken pursuant to a summary offense under Title 75 subsequent to two years after the commission of the offense.

42 Pa.C.S.A. § 5553(e). Marr presumes that the collection of fines is a "proceeding" or "action taken" as used in section 5553. We disagree. These terms are defined at 42 Pa.C.S.A. § 102. An "action" is "any action at equity or law." *Id.* The legislature has defined "proceeding" as including "every declaration, petition or other application which may be made to a court under law or usage or under special statutory authority, but the term does not include an action or an appeal." *Id.* As defined, fine collection is neither a proceeding nor an action. Thus, the case was completed on February 14, 1991, when the trial court entered judgment against Marr. This was less than a year after Marr was issued the citation. Accordingly, section 5553(e) was not violated.

■ Even if section 5553(e) applied to fine collection, the present situation does not violate the statute of limitations. This Court has held that any period of delay attributable to the accused tolls the two-year limitations period for motor vehicle summary offenses. *Commonwealth v. Quinn*, 405 Pa.Super. 487, 592 A.2d 1316 (1991), *alloc. denied*, 529 Pa. 619, 600 A.2d 535 (1991). Here, Marr was directed to arrange a payment schedule with the Blair County Office of Costs and Fines. Because of his poor economic circumstances, the office established a $100.00 monthly payment plan. Marr now tries to argue that he cannot be attributed with causing any delay; the Costs and Fines Office arranged the payment schedule and, therefore, the delay in collection was caused by the office. Marr contends that if the office wanted to continue to collect

the money which he owed, the district attorney should have moved for an extension. His argument is meritless.

Contrary to what he argues, Marr is solely responsible for the delay in collection of the fines imposed. The payment schedule was arranged to accommodate his economic circumstances, not for any court or prosecutorial benefit. We will not permit Marr to forge the trial court's leniency into a double-edged sword. As this Court held in *Quinn*, "[w]e will not attribute to the legislature an intent that an accused be allowed to take advantage of a delay he has caused." *Id.* at 488, 592 A.2d at 1317. Marr's inability to pay the fine in its entirety resulted in extended collection and tolled the two-year statute of limitations. Accordingly, continued collection of the fine payments does not violate section 5553(e).

For the reasons set forth above, we affirm the order denying Marr's motion to dismiss.