665 A.2d 487

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Steven M. STADTFELD, Appellant.**

Superior Court of Pennsylvania.

Argued April 6, 1995.

Filed Sept. 11, 1995.

274

Joel B. Johnston, Pittsburgh, for appellant.

Kevin F. McCarthy, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before POPOVICH, FORD ELLIOTT and BROSKY, JJ.

POPOVICH, Judge:

This case involves an appeal from the order of the Court of Common Pleas of Allegheny County denying a Petition for Allowance of Appeal Nunc Pro Tunc by the defendant/appellant, Steven M. Stadtfeld.[1] We reverse and remand.

On June 2, 1989, the appellant was cited for various violations of the Motor Vehicle Code, one of which was for driving while under suspension (75 Pa.C.S.A. § 1543(a)). As a result of the appellant's failure to respond to the citations, inaction which he alleges was "inadvertent," the Pennsylvania Depart-

1. It is to be noted that the Statutory Appeals section of the Court of Common Pleas of Allegheny County, Civil Division, is the appropriate forum for the presentment and argument of an appeal of a summary conviction of a Motor Vehicle Code violation and the Petition for Allowance of Appeal Nunc Pro Tunc in regard thereto. *Commonwealth v. Smirga,* 432 Pa.Super. 286, 638 A.2d 229, 232 (1994).

ment of Transportation (PennDOT) suspended his driving privileges indefinitely. It was not until September of 1992 that the appellant learned of his suspension and contacted PennDOT to determine what needed to be done to restore his driving privileges. He was informed by PennDOT that the suspension originated with the 1989 Driving While Under Suspension citation and the charge issued out of the District Justice's Office in Pittsburgh, PA.

The appellant contacted the District Justice's Office and "was informed that the only way to dispose of such outstanding charges was to pay the existing fine and associated court costs which was done on approximately January 15, 1993." See Paragraph 6. Notwithstanding the entry of a plea of guilty and payment of fines, the appellant's license was suspended for a period of one year by PennDOT for his January 15, 1993, conviction for Driving While Under Suspension. To-date, according to the appellant, his license has yet to be reinstated. See N.T. 10/14/93 at 3.

A Petition for Allowance of Appeal Nunc Pro Tunc was filed on November 9, 1993, averring, in pertinent part, that: 1) the passage of more than two years between the citation and advisement by the District Justice's Office to pay the same was violative of 42 Pa.C.S.A. § 5553(e), which prohibits taking "any action" on Motor Vehicle violations more than "two years after the commission of the offense"; and 2) the appellant was "affirmatively misadvised" that the payment of a $210 fine would result in driving privileges being restored "and that there would be no further results or punishment[.]" See Paragraph 9(c).

The Petition was argued in open court and denied on the ground that there was no evidence of fraud or "breakdown" in the judicial system warranting the allowance of appeal nunc pro tunc. Court Opinion, 10/6/94 at 2. This timely appeal followed and raises the sole claim that the lower court abused its discretion in summarily denying the Petition for Allowance of Appeal Nunc Pro Tunc without an evidentiary hearing to establish whether "misinformation" was received from the

District Justice causing the appellant to refrain from appealing timely his summary conviction.

■ In this jurisdiction, an appeal nunc pro tunc will be granted where evidence of fraud or a wrongful or negligent act of a court official has caused a defendant to forego his/her right to a timely appeal of a conviction. *Conrad v. Kemmerer,* 301 Pa.Super. 410, 447 A.2d 1032, 1034 (1982). Further, the individual seeking leave to appeal nunc pro tunc must establish that he/she acted promptly to assert such a right once learning of the existence of the grounds relied upon for such requested relief. *Commonwealth v. Bassion,* 390 Pa.Super. 564, 568 A.2d 1316 (1990).

*Sub judice,* even assuming, *arguendo,* that the District Justice or his staff misinformed the appellant of the collateral consequences of payment of his citation for Driving While Under Suspension, we are confronted with the fact that the appellant has failed to act timely, once learning of the impending suspension, to file his Petition for Allowance of Appeal Nunc Pro Tunc.

■ To explicate, PennDOT advised the appellant by letter dated March 12, 1993, that his conviction on January 15, 1993, of Driving While Under Suspension would result in a suspension of his license for one year effective April 16, 1993. Moreover, PennDOT apprised the appellant:

> You have the right to appeal to the Court of Common Pleas of the county of your residence within 30 days of the mail date (March 12, 1993) of this notice. Sending a copy to this department of a timely, filed appeal will stay the department's action pending a final decision by the court.

The next step that the appellant took was the filing of a pro se appeal to the Court of Common Pleas of Allegheny County on April 6, 1993, obtaining a hearing on his license suspension for September 22, 1993.[2] In mid-September, the appellant se-

---

2. It is to be noted that the official record transmitted to this Court contains no evidence of a statutory appeal being either filed by the appellant or docketed on April 6, 1993, and listed by the prothonotary for a hearing on September 22, 1993. The only proof of such a

cured counsel and shifted gears from a challenge of the *license suspension* to an attack of the *criminal conviction* arising out of his pleading guilty and payment of a fine on January 15, 1993, before the District Justice for the 1989 Driving While Under Suspension citation. This took the form of a Petition for Allowance of Appeal Nunc Pro Tunc claiming that the District Justice "lacked jurisdiction" to accept his plea and payment of his fine.

It is undisputed that the appellant's Petition was filed on November 9, 1993, a lapse of almost nine (9) months between the notice of suspension, appeal rights and the taking of action to guarantee the timeliness of any appeal to hold in abeyance the suspension of his driving privileges. See note 2, supra.

■ When the appellant became aware that he was going to lose his driving privilege as a consequence of pleading guilty and payment of a fine on a summary offense, "his only remedy [wa]s to seek allowance of appeal *nunc pro tunc* from the summary conviction" and not an appeal challenging his license suspension. *Commonwealth v. Duffey,* 536 Pa. 436, 443, 639 A.2d 1174, 1177 (1994) see also *Com., Dept. of Transp. v. Moore,* 120 Pa.Cmwlth. 617, 554 A.2d 130 (1988).

■ Here, we find that the appellant failed to act with the requisite promptness upon learning of his license suspension

document being filed appears in the appellant's appellate brief as part of the reproduced record attached thereto. See Appellant's Brief at 5 and Reproduced Record at R 2a–3a.

As has been oft-stated in this jurisdiction, information contained in an appellate brief is not a substitute for a deficiency in the official record and may not be looked at by an appellate court to fill the void. See *Commonwealth v. Rini,* 285 Pa.Super. 475, 427 A.2d 1385 (1985); see also *McCormick v. Allegheny General Hospital,* 364 Pa.Super. 210, 527 A.2d 1028 (1987); *Commonwealth v. Santana,* 321 Pa.Super. 299, 468 A.2d 488 (1983). We are limited to the content of the appellant's Petition since no testimony (only oral argument by counsel) was proffered before the court below. See *Commonwealth v. Nicholas,* 405 Pa.Super. 242, 592 A.2d 98, 100 * n. 6 (1991).

We make mention of the appellant's filing of a pro se appeal on April 6, 1993, to his *license suspension* (without condoning the referral in appellate briefs to evidence not in the official record) since it does not impact on our finding that the *criminal conviction* sought to be reviewed via the Petition was not filed "promptly." See discussion infra.

from PennDOT by letter dated March 12, 1993, for his conviction on January 15, 1993, of Driving While Under Suspension. This manifested itself as an appeal of the appellant's license suspension on April 6, 1993. See note 2, supra. However, with the securement of counsel, the appellant was advised to alter his approach from an attack upon his license suspension to one assaulting the underlying criminal conviction ("Driving While Under Suspension") via a Petition for Allowance of Appeal Nunc Pro Tunc. See Appellant's Brief at 5.

The time-lapse between the notice of suspension (March 12, 1993) and the Petition (November 9, 1993) is not reflective of the "promptitude" expressed by our Court when affirming the grant of an appeal nunc pro tunc. See *Commonwealth v. Liptak*, 392 Pa.Super. 468, 573 A.2d 559, 561–62 (1990), overruled on other grounds *sub nom. Com., Dept. of Transp. v. Tarnopolski*, 533 Pa. 549, 626 A.2d 138, 141 (1993). This is so even assuming a "breakdown" in the judicial system can be proven. See *Commonwealth v. Jarema*, 404 Pa.Super. 121, 590 A.2d 310, 312 n. 2 (1991); *Bassion*, supra, 390 Pa.Super. at 568–70, 568 A.2d at 1319.

■ Our inquiry is not at an end, however, inasmuch as the appellant's Petition focused on the jurisdiction of the District Justice to accept his plea with the passage of over two (2) years between the date of his citation for driving under suspension (June 2, 1989) and payment of a fine (considered the taking of "action" under 42 Pa.C.S.A. § 5553(e)).[3] See *Moore*, supra, (Describing distinction between appeal of license suspension and appeal nunc pro tunc of underlying criminal conviction for suspension); see also *Commonwealth v. Marr*, 426 Pa.Super. 442, 627 A.2d 757 (1993) (Judgment

---

**3.** Subject matter jurisdiction is not created merely by the agreement of a litigant to pay a fine and/or plea guilty "where it otherwise should not be." *Turner v. May Corp.*, 285 Pa.Super. 241, 427 A.2d 203, 204 (1981). Further, inquiry into the area of subject matter jurisdiction may be raised at any time by the parties or sua sponte by the court. *Id.* at 245 n. 2, 427 A.2d at 204 n. 2.

We note that the appellant raised the issue of subject matter jurisdiction below without success and again on appeal rendering it reviewable by this Court.

entered for purposes of statute of limitation under 42 Pa. C.S.A. § 5553(e) with order directing the payment of fine).

■ 42 Pa.C.S.A. § 5553(e) proscribes the conducting of any proceeding or the taking of any action regarding a summary offense more than two years after its commission.[4] Yet, the law is quite clear that license suspension cases do not fall within the prohibition of Section 5553(e). See *Commonwealth v. Quinn*, 405 Pa.Super. 487, 592 A.2d 1316 (1991) (en banc), allocatur denied; *Com., Dept. of Transp., Bur. of Driver Licensing v. Danks*, 114 Pa.Cmwlth. 37, 538 A.2d 120 (1988); *Shughart v. Com., Dept. of Transp., Bureau of Traffic Safety*, 65 Pa.Cmwlth. 480, 442 A.2d 1206 (1982).

■ At bar, the appellant pleaded guilty and paid a fine for a summary offense of Driving While Under Suspension over three-and-one-half (3½) years after his citation for the same. Under a clear reading of Section 5553(e), the District Justice was without jurisdiction to enter judgment ("action" manifested in the form of accepting the appellant's plea of guilty/payment of a fine) following the passage of two (2) years after the issuance of the citation. The only caveat to such a prohibition: the statute of limitations is tolled for motor vehicle violations where any period of delay is attributable to the accused. See *Marr, supra, Quinn, supra.*

■ Whether the appellant was free from fault for the failure to file in a timely fashion is arguable, and we are not bound by the court's determination that he was since no testimony was proffered for credibility assessment by the court. Accordingly, we are not bound by the court's conclusion on this point. Cf. *Com., Dept. of Transp., Bureau of Traffic Safety v. Rick*, 75 Pa.Cmwlth. 514, 462 A.2d 902, 904 (1983) ("... whether the Appellee was free from fault for the failure to file in a timely fashion is arguable, but the determination that he was, results from the trial court's assessment of his testimony and credibility and we are bound by its conclu-

---

**4.** Section 5553(e) reads: "No proceedings shall be held or action taken pursuant to a summary offense under Title 75 subsequent to two years after the commission of the offense." 42 Pa.C.S.A. § 5553(e).

sion."). More specifically, no testimony was elicited only argument from counsel was heard by the court; to-wit:

[COUNSEL FOR THE APPELLANT]: [The appellant] was suspended [by PennDOT] in '89 for failure to respond [to a Driving While Under Suspension citation]. *He never gets [sic] notice of it. In '93 he wants to get his license ... reinstated—*

\* \* \* \* \* \*

The license was suspended in '89 for failure to respond. *He never got notice of it.* [In '93, the appellant] finds out about it and goes in.

THE COURT: Suspended for failure to respond.

[COUNSEL FOR THE APPELLANT]: To Citations.

THE COURT: *But defendant gets no notice.*

[COUNSEL FOR THE APPELLANT]: *No notice.*

THE COURT: *Says he.*

\* \* \* \* \* \*

[COUNSEL FOR THE APPELLANT]: Well, we'd like the opportunity to raise those issues on appeal, Your Honor. We're just seeking the opportunity to appeal that.

\* \* \* \* \* \*

[COUNSEL FOR THE COMMONWEALTH]: Your Honor, our argument is that the Citation that [the appellant] was contesting is a 1543(a), which would mean driving without a license. Our indication would be that he would have received that Citation while the violation was occurring, so that he would have had notice of the Citation issued.

There was an indication there was another moving violation as well. Therefore, *he should have been aware that there was a concern about his license back in 1989.*

*Now, I don't have any knowledge of this.* I don't know what the second Citation was for, and why it wasn't taken care of back in '89. I do know that the courts do not have jurisdiction to hear cases after two years. \* \* \*.

Statutory Appeal Hearing, 10/14/93 at 2–3, 4–5 (Emphasis added).

> In its opinion, the court wrote on the "notice" issue that: The trial transcript reveals that the 6 June 1989 Citation itself gave notice to Defendant at the very time the violation was observed. Ergo, absent any evidence to the contrary, we conclude that Defendant had knowledge that his operator's privileges were in jeopardy.

Court Opinion, 10/6/94 at 1–2.

Contrary to the court's holding that the "citation" itself gave the appellant "notice" that "his operator's privileges were in jeopardy," our review of the *record* indicates no "citation" was introduced into evidence by the Commonwealth to substantiate the court's finding of fact as to the existence and content of the "citation." Since the record does not buttress the court's factual finding ("citation" made the appellant aware of potential license suspension), we are not bound by its conclusion of law drawn therefrom (i.e. "notice of license suspension) absent evidence in support of the same." See *Commonwealth v. Iannaccio*, 304 Pa.Super. 307, 450 A.2d 694, 698 (1982), aff'd, 505 Pa. 414, 480 A.2d 966 (1984), cert. denied *sub nom. Iannaccio v. Pennsylvania*, 474 U.S. 830, 106 S.Ct. 96, 88 L.Ed.2d 78 (1985).

▓▓▓▓▓ A factual dispute being extant, we deem it prudent to remand to allow the court to receive evidence consistent with *Commonwealth v. Crockford*, 443 Pa.Super. 23, 660 A.2d 1326 (1995), to determine when and if the appellant had actual notice of his license suspension.[5]

5. Resolution of this factual-void is crucial to the case: 1) If the appellant did not receive "notice" of suspension until September of 1992, the time between the date of the citation and notice of suspension would not be tolled and the statute of limitations under Section 5553(e) would have been violated warranting a dismissal of the Motor Vehicle citation reduced to judgment (with the plea of guilty and payment of a fine), cf. *Marr*, supra; 2) If the appellant was cognizant that his operating privileges were in jeopardy when the citation was issued in June of 1989, his inaction until September of 1992 (by contacting PennDOT and the District Justice to seek avoidance of a suspension of his license) would toll the statute of limitations per Section 5553(e). Such conduct, being attributable to the appellant, forestalls the running of the statute

In *Crockford*, the appellant was challenging the judgment of sentence following his conviction for driving while his operating privileges were suspended. The prosecution introduced the testimony of the trooper and a certified driving record evidencing a suspension prior to the date of citation.

The defense's only witness was the appellant, who admitted having two prior convictions for driving under the influence, being advised that his license would be suspended, and that notification of the same would be forthcoming from the Commonwealth. Also, the appellant was unable to produce his license at trial, which resulted in his conviction. On appeal, the appellant asserted that the evidence was insufficient to sustain his conviction because the Commonwealth failed to show that he had "actual notice" of his suspension. This Court, in an en banc opinion authorized by Judge Kate Ford Elliott, disagreed and found that evidence of notice left unrebutted at trial was sufficient to prove notice beyond a reasonable doubt. More specifically, the Court observed that notice of suspension was a question of fact, the proof of which "may take the forms of a collection of facts and circumstances that allow the fact finder to infer that a defendant has knowledge of suspension." *Id.* at 32, 660 A.2d at 1331.

Examples of factors which could be considered in determining whether a defendant had "actual notice" of license suspension were recited as follows; to-wit:

Factors that a finder of fact may consider in determining circumstantially or directly whether a defendant had actual notice of his or her suspension include, but are not limited to, evidence that the defendant was verbally or in writing apprised of the license suspension during the trial or a plea, statements by the accused indicating knowledge that he or she was driving during the period in which his or her license

of limitations and renders the District Justice's acceptance of the appellant's plea of guilty and payment of fine timely. See *Marr*, supra; *Quinn*, supra; *Commonwealth v. Markley*, 375 Pa.Super. 231, 544 A.2d 72 (1988).

A record is necessary on remand to resolve the factual scenarios outlined above by the court initially presented with the Petition. *Baker v. City of Phila.*, 145 Pa.Cmwlth. 421, 603 A.2d 686 (1992).

had been suspended, evidence that PennDOT sent by mail the notice of the suspension to appellant's current address, evidence that PennDOT's notice of suspension was not returned as undeliverable, attempts by the accused to avoid detection or a citation, and any other conduct demonstrating circumstantially or directly appellant's knowledge of the suspension or awareness of guilt.

*Id.* at 32–33, 660 A.2d at 1331, quoting *Commonwealth v. Zimmick,* 539 Pa. 548, 653 A.2d 1217, 1221 (1995) (Citations omitted).

The *Crockford* Court found that a rebuttal presumption of notice had been established with the Commonwealth's present-ment that: 1) the appellant's license had been suspended for a DUI offense; 2) notice of the appellant's suspension had been mailed by PennDOT (without argument of issuance to an incorrect address); and 3) the appellant failed to produce a current driver's license when stopped by police.

However, even absent the timely production of a valid driver's license, an accused is still entitled to present any evidence of lack of actual notice in an effort to rebut the Commonwealth's *prima facie* case of guilt. It is only after the trial court has "heard all of the evidence and the appellant's testimony" can it make a ruling on the "actual notice" of license suspension question.

The *Crockford* Court held that the trial court had heard such evidence, with the appellant's inability to rebut the Commonwealth's *prima facie* case, and affirmed the finding that evidence sufficient to sustain the conviction was presented beyond a reasonable doubt. Here, however, no such testimo-ny and/or evidence was proffered by the Commonwealth to prove, *prima facie,* that the appellant had "actual notice" of his license suspension so as to toll Section 5553(e)'s statute of limitations and render the District Justice's acceptance of a plea and fine jurisdictionally sound.

To rectify the shortfall, a remand is necessary to allow a hearing for the presentment of evidence regarding the notice of suspension question. Once this issue is resolved, it can be

decided whether the appellant contributed to the delay in resolving the citation for Driving While Under Suspension so as to toll or not toll the running of Section 5553(e)'s two-year statute of limitations to attacking criminal convictions of summary offenses under the Motor Vehicle Code. See *Marr,* supra; *Quinn,* supra; *Commonwealth v. Markley,* 375 Pa.Super. 231, 544 A.2d 72 (1988).

Order reversed; case remanded for a *precedendo;* jurisdiction is relinquished.

FORD ELLIOTT, J., files a dissenting opinion.

FORD ELLIOTT, Judge, dissenting:

I respectfully dissent. I disagree with the result reached by the majority, as I believe that we must narrowly focus on the issue before this court; that is, whether the trial court abused its discretion in denying appellant's *nunc pro tunc* appeal. As the majority states, appellant was required to produce evidence of fraud or a wrongful or negligent act by a court official which caused him to forego his right to a timely statutory appeal of his January 1993 conviction. *Conrad v. Kemmerer,* 301 Pa.Super. 410, 412–13, 447 A.2d 1032, 1034 (1982). In addition, appellant must establish that he acted promptly in seeking an appeal once learning of the existence of the grounds relied upon for such requested relief. *Commonwealth v. Bassion,* 390 Pa.Super. 564, 568 A.2d 1316 (1990). Even assuming *arguendo* that appellant was mislead by the information given to him by the District Justice, there is no evidence *in the record* that appellant acted promptly in filing his petition for allowance of appeal *nunc pro tunc.* As such, I would affirm the decision of the trial court.

To show that he acted promptly in seeking his appeal, appellant, in his brief to this court, describes the following events. In a letter dated March 12, 1993, the Department of Transportation (Department) advised him that because of his conviction of January 15, 1933, of driving while under suspension, his operating privileges would be suspended for one year effective April 16, 1993. In response to the Department's

letter, appellant asserts that he filed a *pro se* appeal in the Court of Common Pleas of Allegheny County on April 6, 1993, and was given a license suspension appeal hearing date of September 22, 1993. In anticipation of the hearing, appellant retained counsel in mid-September. Because the impending hearing regarding appellant's one-year license suspension would not address the underlying conviction, counsel filed a petition for allowance of appeal *nunc pro tunc* on November 9, 1993.[1] In this manner, appellant could attack the January 15, 1993 conviction for his June 2, 1989 citation to which he claims the district justice had no jurisdiction, as 75 Pa.C.S.A. § 5553(e) mandates that proceedings in the court of common pleas for summary motor vehicle offenses must be completed within two years of the date of the offense.[2] (Appellant's brief at 5.)

Although appellant explains to this court the delay in filing his appeal, *none* of this evidence was presented to Judge Doyle. Namely, Judge Doyle was not apprised of the notice of suspension sent by the Department on March 12, 1993, nor is this notice contained in the original record. In addition, evidence that appellant filed a *pro se* appeal on April 6, 1993, challenging his license suspension is also not of record. Neither in his petition to the trial court nor at the hearing did appellant offer any explanation as to why he waited until November 9, 1993, to appeal his January 15, 1993 conviction.[3]

1. Although appellant's Petition for Allowance of Appeal *Nunc Pro Tunc* was not filed until November 9, 1993, according to the record appellant presented the petition to the court on October 14, 1993, at which time the petition was argued. The order denying appellant's Petition for Allowance of Appeal was signed October 26, 1993. For purposes of uniformity, I will use the filing date of November 9, 1993.

2. I believe that subject matter jurisdiction is not at issue, as 42 Pa. C.S.A. § 5553(e) is a statute of limitations which defense can be waived. *See Commonwealth v. Stover*, 372 Pa.Super. 35, 538 A.2d 1336 (1988), *appeal denied*, 520 Pa. 604, 553 A.2d 967 (1988).

3. Both the notice from the Department and appellant's statutory appeal are appended to his brief. However, as the majority states, information contained in an appellate brief is not a substitute for a deficiency in the official record and may not be looked at by this appellate court to fill the void. *Commonwealth v. Rini*, 285 Pa.Super. 475, 427 A.2d 1385 (1985).

As appellant failed to present any evidence that he acted promptly in filing his petition for allowance of appeal *nunc pro tunc,* I am constrained to affirm the decision of the trial court.