J-S58014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CARLOS HERNANDEZ-ROBLEDO, | |
| Appellant | No. 2089 MDA 2015 |

Appeal from the Order Entered November 18, 2015
in the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-MD-0001910-2015

BEFORE:  GANTMAN, P.J., BOWES, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED SEPTEMBER 07, 2016**

Appellant, Carlos Hernandez-Robledo, appeals from the order of November 18, 2015, denying his petition for leave to appeal a summary conviction *nunc pro tunc*.  For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from the trial court's January 12, 2016 opinion and our independent review of the certified record.

In December 2014, Appellant appeared at the office of the Magisterial District Court and entered a guilty plea to his fifth violation for driving while

_____

[*] Retired Senior Judge assigned to the Superior Court.

operating privilege is suspended or revoked.[1] (**See** N.T. Hearing, 11/18/15, at 4). Appellant, who has never possessed a valid driver's license, (**see id.** at 17), took no further action with respect to this matter until October 4, 2015, when he sought counsel. (**See id.** at 12). On October 7, 2015, Appellant filed the instant petition for leave to file a summary traffic appeal *nunc pro tunc*.

On November 18, 2015, the trial court held an evidentiary hearing on Appellant's petition. At the hearing, Appellant testified that he pleaded guilty and paid the fine to avoid problems "with my ticket. I want[ed] to do what I need[ed] to avoid problems." (**Id.** at 7). Appellant claimed that in March 2015, he received a letter from the Pennsylvania Department of Transportation (PennDOT) advising him that any further convictions for driving with a suspended license would result in incarceration and that he needed to obtain counsel. (**See id.** at 9, 12-13). Appellant admitted that he did not immediately seek counsel. (**See id.** at 12). In July 2015, Appellant received his sixth citation for driving while operating privilege is suspended or revoked. (**See id.** at 14). Despite this, Appellant again acknowledged that he did not take any immediate action.

Following the hearing, the trial court denied the petition. (**See id.** at 24-25). This timely appeal followed. On December 7, 2015, the trial court

---

[1] 75 Pa.C.S.A. § 1543(a).

ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on December 16, 2015. *See id.* On January 12, 2016, the trial court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

> 1. Whether the trial court erred in denying Appellant's petition to appeal *nunc pro tunc* where his plea of guilty was predicated upon mis-information provided to him by a clerk of the magisterial district court, thereby constituting a breakdown in court operations precluding a timely appeal[?]
>
> 2. Whether the trial court erred in denying Appellant's petition to appeal *nunc pro tunc* on the basis of this Court's holding in [*Commonwealth v. White*, 806 A.2d 45 (Pa. Super. 2002)] where [Appellant] personally appeared in the magisterial district court and was not advised of his appellate rights by the issuing authority precluding a timely appeal[?]
>
> 3. Whether [Appellant] acted with due diligence in filing his petition to appeal *nunc pro tunc* upon learning of the ground relied upon for relief[?]

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

Our scope and standard of review are settled.

> Initially, we note that the allowance of appeal *nunc pro tunc* is within the sound discretion of the trial court, and our scope of review of a decision of whether to permit an appeal *nunc pro tunc* is limited to a determination of whether the trial court has abused its discretion or committed an error of law. Orders granting or denying [a] petition to appeal *nunc pro tunc* are reversible [only] in instances where the court abused its discretion or where the court drew an erroneous legal conclusion.

*Commonwealth v. Yohe*, 641 A.2d 1210, 1211 (Pa. Super. 1994) (citations and quotation marks omitted).

- 3 -

Because Appellant's issues are interrelated, we address them together. On appeal, Appellant claims that the trial court erred in denying his petition for leave to appeal a summary conviction *nunc pro tunc*.

The Pennsylvania Rules of Criminal Procedure provide that a defendant has thirty days from the entry of the guilty plea or conviction to file an appeal from a summary proceeding to the Court of Common Pleas. ***See*** Pa.R.Crim.P. 460(A). This is the only means of challenging a summary conviction. ***See*** Pa.R.Crim.P. 460(E). Further, we have stated that: "[w]hen an Act of Assembly fixes the time within which an appeal may be taken, courts are without power to extend the period or allow an appeal *nunc pro tunc* absent fraud or its equivalent or some breakdown in the court's operation." ***Commonwealth v. Englert***, 457 A.2d 121, 123 (Pa. Super. 1983) (citation omitted). This Court has recognized that, under limited circumstances, the trial court can hear an appeal *nunc pro tunc*. However, we only permit such an appeal where:

> evidence of fraud or a wrongful or negligent act of a court official has caused a defendant to forego his/her right to a timely appeal of a conviction. Further, the individual seeking leave to appeal *nunc pro tunc* must establish that he/she acted **promptly** to assert such a right once learning of the existence of the grounds relied upon for such requested relief.

***Commonwealth v. Stadtfeld***, 665 A.2d 487, 490 (Pa. Super. 1995) (citation omitted, emphasis added).

In the instant matter, Appellant contends that he received misinformation from a clerk at the Magisterial District Court. (*See* Appellant's Brief, at 9). Appellant claims that he told the clerk that:

> he wanted to avoid problems with his license,[2] [and] rather than inform him that he could have a trial, or, alternatively, that the court could not provide any advice to [Appellant] at all, he was advised that he could avoid problems with his license by making payment arrangements.

(*Id.* at 9). At the evidentiary hearing, Appellant admitted that the clerk told him that by paying the ticket he was pleading guilty. (*See* N.T. Hearing, 11/18/15, at 8-9). However, he claimed to be unaware that the guilty plea constituted a conviction and that the clerk did not inform him of his right to appeal. (*See id.* at 9). Appellant acknowledged that he first became aware that the plea could cause him legal difficulties when he received a letter on or about March 16, 2015, from PennDOT.[3] (*See id.* at 9-11). Appellant testified that the letter advised him to obtain counsel and warned him that further convictions for driving while operating privilege is suspended or revoked would result in incarceration. (*See id.* at 10-13). Appellant claimed the letter upset him; however, he took no action. (*See id.*). In July

---

[2] While Appellant now claims that he told the clerk that he wanted to avoid problems with his license, at the evidentiary hearing he testified that he said that he wanted to avoid "problems with my ticket." (N.T. Hearing, 11/18/15, at 5-6). Again, we note that Appellant has never possessed a valid driver's license. (*See id.* at 17).

[3] Appellant did not supply a copy of the letter to the trial court. (*See* N.T. Hearing, 11/18/15, at 10).

2015, Appellant got a sixth ticket for driving while operating privilege is suspended or revoked. (*See id.* at 14). Again, Appellant took no action. (*See id.* at 12). Appellant did not seek counsel until October 2015. (*See id.*). Counsel then filed the instant petition on October 7, 2015, almost seven months after Appellant received the March 2015 letter.

In *Stadtfeld*, the appellant was cited in June 1989 for various motor vehicle violations including driving while under suspension. *See Stadtfeld*, *supra* at 489. The appellant did not respond to the citations until September 1992, when he learned that PennDOT has suspended his license indefinitely. *See id.* After PennDOT informed him that the suspension arose from the 1989 citation, the appellant contacted the Magisterial District Court, where an employee allegedly informed him that the only way to dispose of the outstanding charges was to pay the fine and court costs. *See id.* The appellant paid the ticket in January 1993, but notwithstanding this, PennDOT suspended his license for one year because of the January 1993 conviction. *See id.*

In November 1993, the appellant filed a petition for allowance of appeal *nunc pro tunc*, arguing that the clerk misadvised him and that this constituted a breakdown in the judicial system. *See id.* The trial court denied the petition and the appellant appealed. *See id.* On appeal, this Court never reached the underlying issue of an alleged breakdown in the

judicial system; instead, we found that the appellant had not promptly filed his petition after learning of the impending suspension.[4] *See id.* at 490-91.

Here, Appellant learned of impending difficulties caused by his guilty plea in the March 2015 PennDOT letter that advised him to obtain counsel. He received his sixth citation for driving while operating privilege is suspended or revoked in July 2015. Despite this, he took no action until October 2015, almost seven months after receipt of the letter. This simply does not constitute prompt action, even if a breakdown in the court system occurred. *See id.* at 491; *see also White*, *supra* at 47 (finding appellant failed to show he acted promptly in filing petition seeking *nunc pro tunc* appeal where there was approximately four month delay between summary conviction and filing of petition). Therefore, because we conclude that Appellant did not promptly file his petition for *nunc pro tunc* relief, we need not address his remaining contentions of a breakdown in the judicial system. *See Stadtfeld*, *supra* at 490.

Order affirmed.

_____

[4] Despite this holding, we ultimately remanded the matter for additional fact-finding with respect the appellant's contention that he never received actual notice of the 1989 citation. *See id.* at 491-94.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/7/2016