J-S18033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN ASAAD COOKE | : | |
| | : | |
| Appellant | : | No. 424 MDA 2019 |

Appeal from the PCRA Order Entered February 19, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000936-2015

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: MAY 18, 2020**

Appellant, Justin Asaad Cooke, appeals *pro se* from the February 19, 2019, order entered in the Court of Common Pleas of Dauphin County, which denied Appellant's petition to file an appeal *nunc pro tunc* from the December 3, 2019, order denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: On May 30, 2014, Appellant, along with his brother, Miles Cooke, shot and killed Ronald McGruder in Harrisburg, Pennsylvania.  Following a jury trial, Appellant was convicted of first-degree murder and conspiracy. On October 15, 2015, Appellant was sentenced to life in prison, and on direct appeal, we affirmed

---

[*] Former Justice specially assigned to the Superior Court.

his judgment of sentence. ***See Commonwealth v. Cooke***, No. 450 MDA 2016 (Pa.Super. filed 8/11/17) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which our Supreme Court denied on January 30, 2018. Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court.

On March 12, 2018, Appellant filed a timely *pro se* PCRA petition, and counsel was appointed to assist Appellant. On October 10, 2018, counsel filed a motion to withdraw as Appellant's counsel. By order entered on November 7, 2018, the PCRA court granted counsel's motion to withdraw and provided Appellant with notice of the court's intent to dismiss Appellant's PCRA petition without an evidentiary hearing.

On November 23, 2018, Appellant filed a *pro se* response to the PCRA court's notice of intent to dismiss. Therein, Appellant averred trial counsel was ineffective in failing to investigate Appellant's mental health history and failing to request a mistrial based on the testimony of Courtney Williams. On December 3, 2018, the PCRA court dismissed Appellant's PCRA petition.

On February 6, 2019,[1] Appellant filed a *pro se* document entitled "Petition for Leave to File Appeal *Nunc Pro Tunc* from Final Order Dismissing PCRA." Therein, Appellant averred the following:

---

[1] Although this *pro se* petition was docketed on February 13, 2019, we deem it to have been filed on February 6, 2019, when it was handed to prison officials. ***See*** Pa.R.A.P. 121(a) ("A *pro se* filing submitted by a prisoner

1. On December 3, 2018, the [PCRA court] entered an order which dismissed [Appellant's] PCRA petition.

2. [Appellant] was required to file any [*sic*] appeal within thirty (30) days after entry of the order.

3. By reason of the governmental interference on the part of the Department of Corrections [("DOC")], [Appellant] was prevented from learning of, and responding to[,] the entry of the order until January 2, 2019.

4. [Appellant] made a "good faith" attempt to notify [the PCRA court] via written correspondence on November 23, 2018.

5. [Appellant] was in the RHU "Restricted Housing Unit" or "the hole" since July 26, 2018, and was transferred from SCI-Fayette to SCI-Greene on December 11, 2018. [Appellant] was released into general population on January 2, 201[9].

6. While [Appellant] acknowledges that this circumstance, in and of itself, does not warrant relief, there are other factors [Appellant] would like th[e] [PCRA] [c]ourt to consider. While in the RHU at SCI-Fayette, [Appellant] had no access to his legal documents (transcripts, discovery, etc.) and no access to law library materials or prison legal aid[]. This lack of access continued after his transfer to SCI-Greene. [Appellant] was abandoned by his Court appointed counsel and is now *pro se*[,] unskilled[,] and inexperienced in matters of law.

7. From August 29, 2018, until September 7, 2018, the Department of Corrections implemented a statewide lockdown of all DOC facilities. During that time, no mail (including legal mail) was allowed into the facility where [Appellant] was held.

8. On September 7, 2018, DOC Secretary John E. Wetzel amended the DOC's mail policy to no longer allow personal mail to enter DOC facilities, and all legal mail must now go through an elaborate screening process which delays receipt of inmate legal mail (especially for those housed in the RHU).

9. Pa.R.App.P. [*sic*] Rule 105(b) states:

   "An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act

_____

incarcerated in a correctional facility is deemed filed as of the date it is delivered to prison authorities for purposes of mailing or placed in the institutional mailbox[.]").

> to be done after the expiration of such time, but the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review."
>
> "*Note:* Subdivision (b) of this rule is not intended to affect the power of a court to grant relief in the case of fraud or breakdown in the processes of a court."

10.    In the instant case, [Appellant] asserts that there was a breakdown in the process due to governmental interference on the part of the PA DOC. [Appellant] is now in general population, has access to the law library, and qualifies for prison legal aid assistance. In light of those facts, [Appellant] can assure [the PCRA court] that there will be no further delay in the appellate process should [the PCRA court] decide to grant *nun pro tunc* relief.

Appellant's Petition for Leave to File Appeal *Nunc Pro Tunc* from Final Order Dismissing PCRA, filed 2/6/19, at 1-3 (citations to record and emphasis omitted).

On February 19, 2019, the PCRA court denied Appellant's petition for leave to file an appeal *nunc pro tunc*, and on March 8, 2019, Appellant filed an appeal to this Court. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, and therefore, no such statement was filed. However, the PCRA court filed a brief Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant sets forth the following issue in his "Statement of the Questions Presented":

1. Did the lower court err in its order of December 3, 2018[,] for failing to find Appellant's trial counsel ineffective…and does trial counsel's ineffectiveness warrant a new trial?

Appellant's brief at 1.

Initially, as a general proposition, we note "[o]ur standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Prior to addressing the issue presented by Appellant in his brief, we must address the timeliness of Appellant's appeal. Appellant admits that he did not file a timely notice of appeal within thirty days of the PCRA court's December 3, 2018, order denying his PCRA petition.[2] *See* Pa.R.A.P. 903(a) (indicating a notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken). However, as indicated *supra*, on February 6, 2019, Appellant filed a *pro se* document entitled "Petition for Leave to File Appeal *Nunc Pro Tunc* from Final Order Dismissing PCRA" in which he sought permission to appeal *nunc pro tunc* from the December 3, 2018, order. On February 19, 2019, the PCRA court denied this petition on the basis Appellant failed to demonstrate any exceptional circumstances or breakdown that would

_____

[2] We note the PCRA court's December 3, 2018, order properly advised Appellant that he had thirty days within which to file an appeal. *See Commonwealth v. Wright*, 846 A.2d 730 (Pa.Super. 2004). Further, the record reflects proper service of the order on December 3, 2018. *See* Pa.R.A.P. 108 ("[I]n computing any period of time under these rules involving the date of entry of an order by a court...the day of entry shall be the day the clerk of the court...mails or delivers copies of the order to the parties[.]").

have excused his failure to file a timely notice of appeal. PCRA Court Order filed 2/19/19/, at 1.

We evaluate the lower court's order denying a petition for leave to appeal *nunc pro tunc* for an abuse of discretion. ***Commonwealth v. Stock***, 545 Pa. 13, 679 A.2d 760 (1996).

"Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace." ***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa.Super. 2014) (citation omitted). "[A]n appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." ***Stock***, ***supra***, at 764 (citations omitted). The time for filing an appeal may only be extended in extraordinary circumstances such as fraud, abandonment of counsel, or a breakdown in the operations of the court. ***Id.*** at 763-64. An appellant's negligence does not excuse the failure to file a timely notice of appeal. ***See id.***

"[I]t has long been the law of this Commonwealth that the failure to file a timely appeal as a result of a breakdown in the court system is an exception to [the] general rule." ***Commonwealth v. Stansbury***, 219 A.3d 157, 160 (Pa.Super. 2019) (citation omitted). In most instances, however, a court will find that a breakdown has occurred due to an administrative or technical failure. ***See Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa.Super.

2007) (holding the failure to advise the appellant of his post-sentence and appellate rights constituted a breakdown).

Here, in his petition, Appellant asserted that he was in the restricted housing unit from July 26, 2018, until January 2, 2019, at which time he was released into the general population. Further, Appellant pointed to the fact that the prison was under lockdown for a period of time, and he averred a new "elaborate" screening of in-coming mail unduly delayed receipt of mail. This, per Appellant, prevented him from being aware of the PCRA court's December 3, 2018, order until January 2, 2019, and, consequently, prevented him from filing his notice of appeal in a timely manner.

Appellant's claim is contradicted by the record. First, assuming, as he alleges, Appellant was in the restricted housing unit from July 26, 2018, to January 2, 2019, there is no indication this status prevented him from receiving or sending mail. In fact, the record reflects Appellant acknowledged receipt of the PCRA court's November 7, 2018, notice of intent to dismiss, and on November 23, 2018, Appellant filed a *pro se* response thereto. Thus, during the time he was in the restricted housing unit, Appellant received and sent mail.

Moreover, with regard to the DOC's lockdown, Appellant admitted in his February 6, 2019, petition that the prison lockdown, during which time no in-coming mail was permitted into the prison, occurred from August 29, 2018, to September 7, 2018. The PCRA court's order was entered on December 3,

2018, nearly three months **after** the lockdown ended. Thus, there is no indication the lockdown delayed Appellant's receipt of the PCRA court's order or interfered with his ability to file a timely notice of appeal therefrom.

Further, with regard to Appellant's allegation of undue delay in receiving in-coming mail because of a new "elaborate" mail screening process, Appellant relied on a September 7, 2018, letter, which was sent to all inmates from John E. Wetzel, Secretary of Corrections. In this letter, Secretary Wetzel indicates that all in-coming non-privileged mail will no longer be accepted at DOC facilities; but rather, in-coming mail must first be sent to a processing facility in St. Petersburg, Florida, where it will be scanned. Pennsylvania Department of Corrections Letter, RE: Changes to Mail Procedures, 9/7/18, at 1. Electronic copies will then be delivered to the inmates. *Id.*

However, the letter specifically indicates that "[t]hese procedures do not affect the processing of inmate legal mail[.] Inmate legal mail should still be addressed to the appropriate prison for delivery. Department staff will continue to open legal mail in the presence of the inmate to whom it is addressed." *Id.*

Here, Appellant has not averred the PCRA court's December 3, 2018, order does not constitute "legal mail." Further, there is no indication the PCRA court's order was sent to St. Petersburg, Florida, for processing purposes. Accordingly, pursuant to the DOC letter upon which Appellant relies, the PCRA court's order was sent directly to the prison for delivery where it was opened

by prison staff in front of Appellant. Consequently, Appellant has not demonstrated his receipt of the PCRA court's December 3, 2018, order was unduly delayed because of some "elaborate" mailing scheme. Moreover, it is noteworthy that there is no indication the procedure interfered with any out-going mail, such as Appellant mailing a timely notice of appeal.

In any event, assuming, *arguendo*, the PCRA court found credible Appellant's assertion that he did not receive the PCRA court's December 3, 2018, order until January 2, 2019, we agree with the PCRA court that Appellant made no effort to explain why he waited until February 6, 2019, an additional thirty-five days, to seek leave to file an appeal *nunc pro tunc*.[3] It is well-settled that an individual seeking leave to appeal *nunc pro tunc* must establish that he acted promptly to assert such a right once learning of the existence of the grounds relied upon for such relief. **Commonwealth v. Stadtfeld**, 665 A.2d 487 (Pa.Super. 1995). We find no abuse of discretion in the PCRA court's conclusion that Appellant failed to meet this requirement.

Finally, we address Appellant's petition for permission to appeal *nunc pro tunc* as a free-standing PCRA petition since it requested relief cognizable

_____

[3] We note that, in his February 6, 2019, petition, Appellant made a passing reference to the fact he was abandoned by his court-appointed counsel. Inasmuch as counsel properly sought, and was permitted, to withdraw by order entered on November 7, 2018, there is no merit to Appellant's assertion of abandonment.

under the PCRA[4] and was filed after Appellant's judgment of sentence became final. *See Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa.Super. 2007) ("[T]he PCRA provides the sole means for obtaining collateral review, and…any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.") (quotation omitted)). Before this Court considers the merits of the petition, we "must first determine whether [it was] timely filed." *Commonwealth v. Smith*, 35 A.3d 766, 768 (Pa.Super. 2001).

The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." *Commonwealth v. Taylor*, 620 Pa. 429, 67 A.3d 1245, 1248 (2013) (citation omitted). A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

In the case *sub judice*, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal from his judgment of sentence on January 30, 2018. Appellant's judgment of sentence became final 90 days

---

[4] As phrased by Appellant in his February 6, 2019, petition, his issue arguably implicates 42 Pa.C.S.A. § 9543(a)(2)(iv) pertaining to "[t]he improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court." 42 Pa.C.S.A. § 9543(a)(2)(iv).

thereafter, on approximately April 30, 2018, upon expiration of the time for Appellant to file a writ of *certiorari* with the United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13 (petition for writ of *certiorari* must be filed within 90 days of final judgment).

Hence, Appellant's February 6, 2019, petition was filed within one year of the date his judgment of sentence became final, and therefore, was timely under the auspices of the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Accordingly, we shall proceed to consider whether the PCRA court erred in failing to permit Appellant to file an appeal *nunc pro tunc* (*i.e.*, reinstate his appeal rights with regard to the denial of his first PCRA petition).

Here, Appellant has not demonstrated any governmental obstruction with regard to his appellate rights. Thus, we conclude Appellant has failed to carry his burden of proving that, under 42 Pa.C.S.A. § 9543(a)(2)(iv), improper obstruction by government officials prevented him from pursuing a timely appeal of the denial of his first PCRA petition.

For all of the foregoing reasons, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/18/2020

- 11 -