Jonnet, Appellant, *v.* Bodick.

Argued April 23, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Aaron Rosenzweig,* with him *Samuel M. Rosen-zweig,* and *Rosenzweig & Rosenzweig,* for appellant.

*John M. Means,* with him *G. Walter Smith, Charles F. Hodel,* and *Smith, Hodel and Means,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, August 6, 1968:

Appellant commenced an action of trespass against the Supervisors of the Township of Harmar, the individual appellees, and the Township of Harmar itself. Reduced to its essentials, the complaint alleged that appellant desired to construct a motel in an area of the township where such use was not permitted by the township zoning ordinance. He purportedly approached the individual appellees in their capacity of township supervisors as to what would be required to obtain approval of his project. After having been told what would be necessary, and having agreed, appellant applied for a building permit. The permit was denied for want of compliance with the zoning ordinance. Appellant's action seeks the recovery of $47,350, allegedly expended in architects fees, mortgage fees and test

borings, which amounts were purportedly expended in reliance on assurances of the eventual grant of the building permit. In addition, appellant seeks $1,000,-000 for loss of profits. At the close of the pleadings, appellees' motion for summary judgment was granted and this appeal followed.

The court below granted summary judgment on the grounds that (1) appellant's proper remedy was an appeal to the zoning board of adjustment from the refusal of the building permit and (2) that the township and its supervisors are immune from tort liability because the acts claimed to have been committed were done in the performance of governmental functions. We agree on both counts.

Under authority granted by The Second Class Township Code, §2007, 53 P.S. §67007, the township zoning ordinance provided for a board of adjustment to review any "order, requirement, decision or determination" made by the zoning officer in the administration of the ordinance. Appellant could and should have appealed the refusal of the building permit to that body. We have refused to allow certain defenses to be raised in proceedings to enjoin unlawful uses where such defenses might properly have been established in proceedings before the board of adjustment. *Philadelphia v. Budney*, 396 Pa. 87, 151 A. 2d 780 (1959). But see: *Honey Brook Twp. v. Alenovitz*, 430 Pa. 614, 243 A. 2d 330 (1968). Similarly, we will not permit an action for damages flowing from the refusal of a building permit, where the plaintiff had a full statutory remedy which he chose to ignore. It must be kept in mind that the supervisors had no power or duty to issue or refuse a building permit. The zoning officer was charged with that responsibility and, as stated above, his decision was reviewable by the board of adjustment and, if necessary, the courts.

As to the question of immunity, we believe the rationale of *Montgomery v. Philadelphia,* 392 Pa. 178, 140 A. 2d 100 (1958), controls the case at bar. Appellant gives that case too narrow a reading in attempting to limit its holding to suits for defamation. That opinion discusses in great detail the arguments for and against immunity and comes to the conclusion that the public interest requires immunity. We there quoted with approval the language of *Matson v. Margiotti,* 371 Pa. 188, 88 A. 2d 892 (1952), that "Absolute privilege, . . . exempts a high public official from all civil suits for damages arising out of false or defamatory statements and even from statements or actions motivated by malice, *provided the statements are made or the actions are taken in the course of the official's duties or powers and within the scope of his authority, . . .".* (Emphasis in original). Here there can be no question that the supervisors' actions were taken in the course of their duties and within the scope of their authority.

Nor need we be detained by the argument that township supervisors are not "high public officials" and, therefore, do not have the benefit of absolute privilege. *Montgomery v. Philadelphia,* supra, suggests that the test of whether a public officer is protected "should depend upon the nature of his duties, the importance of his office, and *particularly* whether he has policy-making functions." (emphasis added) There are no more important officers in second class townships than the supervisors. They exercise the entire legislative and executive powers of the municipality and there can be no doubt of the fact that they do indeed exercise policy-making functions. We hold that the supervisors are within the class of "high public officials" protected by absolute privilege.

Judgment affirmed.

Mr. Justice ROBERTS concurs in the result.