## Eck v. Shanaman

*James T. Reilly,* of *Egli, Walter, Reilly & Wolfson,* for plaintiff.

*Thomas P. Harlan,* of *Beaver & Wolf,* for defendant.

GATES, P. J., September 7, 1972.—In this case we are called upon to determine the preliminary objections by defendant to plaintiff's complaint. To resolve the issue, it is first necessary to detail the facts from the complaint, since on a demurrer we must accept as true all of the well-pleaded facts.

From the complaint we learn that plaintiff is a good, true and honest resident of the Commonwealth who lives in the Borough of Richland. Strictly translating paragraph four into English, it would appear that plaintiff Eck was a member of Richland Borough Council. But at oral argument and in defendant's "speaking demurrer" we learn that defendant was president of the council. Perhaps both are members of council and likely it is not too important in resolving the ultimate issues in the case.

In the complaint it is averred that: "The Defendant, NED SHANAMAN, at a meeting of the Richland Borough Council on April 6, 1971, brought the reputation of the Plaintiff into question by accusing the Plaintiff

before other members of the Council, members of the Millcreek Township Board of Supervisors, who were present at the meeting, and other persons, of obtaining a permit from the Commonwealth of Pennsylvania by 'false pretenses.'" In vague language, plaintiff further complains that defendant falsely defamed him by accusing him of a criminal offense.

Defendant preliminarily objects in the nature of a demurrer and also moves for more specific pleadings.

The thrust of the demurrer is that defendant was, at the time of the meeting, on April 6, 1971, the president of the Council of the Borough of Richland, and that the statements made by defendant were made in the course of his official duties and within the scope of his authority as a councilman, and, therefore, he is immune from suit because the statements were absolutely privileged even if untrue.

In Jonnet v. Bodick, 431 Pa. 59 (1968), it was held that a township supervisor is immune from tort liability from damages resulting from action taken in the course of his duties so long as they are within the scope of his authority. The court pointed out that township supervisors are "high public officials" within the scope of the immunity as defined in Montgomery v. Philadelphia, 392 Pa. 178 (1958). The court reasoned that township supervisors exercise the entire legislative and executive powers of the municipality and there can be no doubt of the fact that they do indeed exercise policy-making functions. ". . . We hold that the supervisors are within the class of 'high public officials' protected by absolute privilege": Jonnet v. Bodick, supra, page 62.

I do not suppose it requires a dialectologist to conclude that if township supervisors are entitled to be immune from suit because their utterances are absolutely privileged, so are borough councilmen. Their

powers and duties are identical. So are their privileges.

However, this does not end our inquiry. We must examine into the matter of the absolute privilege of high public officials, because it would be unthinkable to award public officials the broad brush of immunity for false utterances they make at any time, under any circumstances and for any reason. We recognize, acknowledge and endorse the concept of immunity from suit of public officials as it has been defined in the laws of Pennsylvania. However, we are equally prone and prompt to recognize that the absolute privilege resulting in immunity is not unlimited in its scope.

The absolute privilege applies to all civil suits for damages arising out of false, defamatory statements and even from statements or actions motivated by malice, ". . . providing the statements are made or the actions are taken in the course of the official's duties or powers and within the scope of his authority, or as it (is) sometimes expressed, within his jurisdiction . . .": Matson v. Margiotti, 371 Pa. 188 (1952); Montgomery v. Philadelphia, 392 Pa. 178 (1958); Jonnet v. Bodick, supra.

We do not believe that merely because a defamatory statement was made by a councilman at a council meeting is a sufficient fact basis to bring forth the affirmative defense of immunity. Suppose a councilman were to take the floor at a regular meeting and falsely state that his neighbor and former friend was suffering from a social disease. We do not for one minute entertain the thought that the councilman would be entitled to an absolute privilege.

We would have no hesitancy sustaining defendant's demurrer if, from the pleadings filed in this case, there could be no question that Shanaman was a

councilman and the statements were made within the course of his duties, within the scope of his authority and within his jurisdiction. But there are just no facts from which we could make such a judgment.

Examining the complaint then, we are at a loss to determine whether the defamatory statements were made under such circumstances as to bring forth the shield of immunity from suit. All we know is that the statements were made at a meeting of the Richland Borough Council on April 6, 1971. We do not know if it had anything at all to do with the legislative or executive activities of the Borough Council. We do not know if the statement had any relationship to the policy-making functions of council. In brief, we haven't the slightest idea what was going on and what the slanderous statement had to do with the office of borough councilman. We are not unaware of the fact that public officials sometimes abuse their office and use the immunity to screen them while they vent their personal vindictiveness against those who have offended them. The privilege, though "absolute," is not unrestricted.

This, then, brings us to the problem of how this matter should be raised. Inasmuch as the complaint does not contain sufficient facts for us, or defendant for that matter, to determine if the absolute privilege and the immunity from suit principle applies, the matter should not have been raised by way of a demurrer: Battisfore v. Triangle Publications, Inc., 46 D. & C. 2d 515 (1969). Had defendant complied with Pennsylvania Rule of Civil Procedure 1030, he would have raised the affirmative offense of immunity from suit under a responsive pleading headed "New Matter." Therein, defendant could allege the necessary facts other than his status of "President of Borough Council" which would entitle him to the benefit of immunity. This

would allow plaintiff to deny those facts, for that route is not beyond the realm of possibility. But if the facts are not denied, then the proper manner of bringing the question to our attention is by way of a motion for summary judgment under Pa. R. C. P. 1035.

The requirement of pleading an affirmative defense as new matter is not a mere matter of form. It has substance. It narrows the issues for trial and identifies the party that must bear the burden of proof of the issue at trial.

Defendant in his brief contends that it is "quite clear" that preliminary objections can be applied to raise the defense of absolute privilege, citing Greenberg v. Aetna Insurance Co., 427 Pa. 511 (1967). We certainly wish the matter was as clear to us as it seems to be to counsel. What does seem apparent is that Greenberg v. Aetna Insurance Co., supra, is not applicable. In the first place, that case arose prior to the effective date of the amended rule 1030. As a matter of fact, it arose prior to the applicable rule at the time Greenberg was decided. The affirmative defense of immunity from suit was added to rule 1030 effective September 1, 1969: 2B Anderson Pa. Civil Practice, page 15. Furthermore, the primary reason relied upon by the court for sustaining the preliminary objections was that plaintiff's complaint clearly and unequivocably demonstrated on its face that plaintiff's claim was devoid of merit. If such were the case with this complaint, we would apply the same reasoning and not delay the matter longer. But there are substantive reasons why the matter cannot be resolved on the present posture of these pleadings as we have demonstrated herein. Therefore, we shall refuse the demurrer as well as the motion for more specific pleadings and allow defendant to answer and raise the issue properly under Pa. R. C. P. 1030.

## ORDER

And now, to wit, September 7, 1972, the preliminary objections are dismissed and leave is granted to defendant to file an answer to plaintiff's complaint in accordance with the foregoing opinion.