## Beisel v. Zerbe Township (No. 2)

*Frank E. Garrigan*, for plaintiff.
*Roger V. Wiest*, for defendant.

RANCK, *J.*, August 22, 1979—We have before us defendant's motion for judgment on the pleadings. A review of the procedural history of this action will aid in clarifying the issues before us. Plaintiff's original complaint was filed in February of 1977. It alleged that plaintiff was defamed in that, on June

9, 1975, he was exposed to public ridicule at a duly convened meeting of the Supervisors of Zerbe Township. More specifically, plaintiff charged that he was publicly fired by the township supervisors from his employment as sewer plant operator at that meeting. At that time Albert Bridi, one of the above-mentioned supervisors, explained the dismissal by stating that plaintiff had removed from the township garage a wheel belonging to a police vehicle and placed the same on his own auto without permission. Defendant responded by way of preliminary objections in the form of a demurrer. Defendant claimed that the supervisors were immune from suit both because they were high public officials and since they sat as members of a legislative body. It was also asserted that because of the provisions of the "Sunshine Act" plaintiff had impliedly consented to the defamation. By an opinion and order dated September 2, 1977 (3 D. & C. 3d 355), we overruled the preliminary objections. Defendant then filed an answer and new matter which raised the defense of the statute of limitations. Thereafter, upon stipulation of counsel, plaintiff amended his complaint to assert that the defamatory publication did not occur in June of 1975, but in November of 1976. On that date it is alleged that plaintiff requested that the supervisors delete from the minutes of June 9, 1975, meeting those portions accusing him of "unwarrantly removing township property." This amendment, on its face, places plaintiff within the statute of limitations. However, defendant's answer and new matter to the amended complaint again raises the statute of limitations. Defendant argues that the minutes of the supervisor's meeting are privileged. Therefore, Albert Bridi's refusal to delete a portion thereof is also

privileged and not actionable in defamation. After plaintiff filed an answer to defendant's new matter, defendant filed the motion for judgment on the pleadings presently before this court.

## DISCUSSION

As stated above, plaintiff now proposes that his cause of action against Zerbe Township arose on November 8, 1976, when township supervisor Albert Bridi refused plaintiff's request to remove the allegedly defamatory portions of the minutes of the meeting of June 9, 1975. In response to this defendant claims that no cause of action arose at that time since the minutes were privileged.

Certainly in some instances the failure to remove defamatory matter can be considered a republication of the defamatory statement.[1] However, defendant argues that since the minutes themselves were privileged, any refusal to delete a portion of them is also privileged.

The applicable privilege is set out in Restatement, 2d, Torts, §611, which is as follows:

"§611 Report of Official Proceeding or Public Meeting

"The publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the

---

1. Restatement, 2d, Torts, §577(2), states that: "One who intentionally and unreasonably fails to remove defamatory matter that he knows to be exhibited on land or chattels in his possession or under his control is subject to liability for its continued publication."

report is accurate and complete or a fair abridgement of the occurrence reported."

Though the Supreme Court of Pennsylvania has not yet explicitly adopted section 611, recent decisions applying the original Restatement, Torts, §611, which is substantially similar,[2] suggest that the new section 611 is the law of Pennsylvania: Mathis v. Philadelphia Newspapers, Inc., 455 F. Supp. 406, 415 (E.D. Pa. 1978). See also Barto v. Felix, 250 Pa. Superior Ct. 262, 267, 378 A. 2d 927, 930 (1977); Binder v. Triangle Publications, Inc., 442 Pa. 319, 324, 275 A. 2d 53, 56 (1971); Purcell v. Westinghouse Broadcasting Co., 411 Pa. 167, 177, 182, 191 A. 2d 662, 667, 670 (1963). Though we could find no cases which have applied this privilege to the official publication of what is said, scholarly authorities have not hesitated to do so. See Restatement, 2d, Torts, §611, Comment d; Prosser, The Law of Torts, §114, 776, at 781 (4th ed. 1971).

We thus recognize that the minutes of the supervisors' meeting of June 9, 1975, are indeed privileged. There is nothing in the pleadings to

2. Section 611 of the original Restatement of Torts provided:

"§611 Reports of Judicial, Legislative, and Executive Proceedings.

"The publication of a report of judicial proceedings, or proceedings of a legislative or administrative body or an executive officer of the United States, a State or Territory thereof, or a municipal corporation or of a body empowered by law to perform a public duty is privileged, although it contains matter which is false and defamatory, if it is (a) accurate and complete or a fair abridgment of such proceedings, and (b) not made solely for the purpose of causing harm to the person defamed."

suggest that they were not "accurate and complete" as is required by section 611. The fact that they were minutes of a local governmental body and not of the state legislature is of no consequence since it has been recognized that local governmental bodies are entitled to the same protection as any other: Jonnet v. Bodick, 431 Pa. 59, 244 A. 2d 751 (1968); Restatement, 2d, Torts, §611, Comment d. Thus Albert Bridi's refusal to delete any defamatory material from the minutes was protected by the privilege set forth in section 611. However, this is not determinative of the question of whether defendant Zerbe Township's motion for judgment on the pleadings should be granted.

The issue we are presented with is this: accepting that township supervisor Bridi's refusal to delete a portion of the minutes was itself privileged, does this privilege, through the theory of respondeat superior, shield defendant Zerbe Township from liability. This issue is closely analogous to that which we dealt with in our earlier opinion in this action in which we disposed of defendant's preliminary objections. See Beisel v. Zerbe Township, 3 D. & C. 3d 355 (1977). Defendant had filed preliminary objections in the nature of a demurrer to plaintiff's complaint. It was contended that the township supervisors were immune from suit because they were high public officials and they sat as members of a legislative body. It was urged that this immunity coupled with the doctrine of respondeat superior insulated the township as a governmental entity from liability. We overruled defendant's demurrer. Without elaborating at length, the rationale of our decision rested in a balance which weighed the privileges afforded the supervisors as high public officials and as members of a legislative

body (see Montgomery v. Philadelphia, 392 Pa. 178, 140 A. 2d 100 (1958)) with the abolition of governmental immunity in Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A. 2d 877 (1973). Adopting the reasoning of the Commonwealth Court of Pennsylvania in Wicks v. Milzoco Builders, Inc., 25 Pa. Commonwealth Ct. 340, 360 A. 2d 250 (1976), we found that:

". . . the court in Ayala has effected a compromise between the meritless harassment of public officers and a complete denial of remedy, by permitting an action against the governmental entity responsible for the publication. Such an approach retains the officer's absolute privilege and thus should not dampen the ardor with which his duties are performed, but at the same time requires some degree of accountability for the wrong." Beisel, supra, at 362.

Does not this same rationale apply to the issue presently before us? Can any viable distinction be made between the immunity afforded a member of a legislative body and that provided to the minutes of that body's meetings? We think not. Prosser views the privilege given to the official publication of a legislative proceeding as an extension of that afforded to the legislators themselves: Prosser, The Law of Torts, supra. If that be the case, then the reason behind each privilege is the same, i.e., "the preservation of independence in the decision-making processes." Wicks, supra, at 346. See also Jonnet v. Bodick, supra. If the absolute privilege provided to the supervisors cannot be used as a shield by defendant, we do not see how the privilege provided to the minutes of the supervisors' meet-

ing, which is merely an extension of that afforded to the supervisors themselves, can protect defendant.

There is one other reason why defendant's motion for judgment on the pleadings must be denied. A motion for judgment on the pleadings should be granted only in a case which is clear and free from doubt: Waldman v. Shoemaker, 367 Pa. 587, 80 A. 2d 776, 777 (1951); 2 Goodrich-Amram 2d §1034(b):1. For purposes of this motion the party moving for judgment admits the truth of all the allegations of his adversary and the untruth of any of his own allegations which have been denied by his adversary: Cary v. Lower Merion School Dist., 362 Pa. 310, 66 A. 2d 762, 763 (1949); Goldman v. McShain, 432 Pa. 61, 247 A. 2d 455, 459 (1968). Paragraph 5 of plaintiff's amended complaint recites how plaintiff ". . . at a public meeting . . . requested that those portions of the minutes accusing him of 'unwarrantly removing townships property' be deleted from the records of defendant." Paragraph 6 then states: "6. Defendant at this time, through its supervisor, Albert Bridi, refused plaintiff's request and stated that the minutes will remain as read; *that plaintiff had the township's wheel on his private car without permission* and that no correction or deletion will be made to the minutes." (Emphasis supplied.)

Accepting the allegations of plaintiff's amended complaint we see that not only was plaintiff's request for deletion refused by Supervisor Bridi, but there was an additional defamatory publication in that *"plaintiff had the township's wheel on his private car without permission."* In light of this statement, as well as defendant's inability to claim the privilege afforded the minutes of the super-

visors' meeting, defendant's motion for judgment on the pleadings must be denied.

We, therefore, enter the following

## ORDER

And now, August 22, 1979, after due consideration of the pleadings, as well as the arguments of counsel, defendant's motion for judgment on the pleadings pursuant to Pa.R.C.P. 1034 is denied.