### Edward APPEL, Appellant,

v.

### TOWNSHIP OF WARWICK and Lawrence V. Edwards.

Commonwealth Court of Pennsylvania.

Argued June 4, 2003.
Decided July 10, 2003.

---

12/31/97, he was no longer working." N.T. 12/15/98 at 7; R.R. at 234a.

9. Act of June 2, 1915, P.L. 736, *as amended.*

John D. Blumenthal, Doylestown, for appellant.

Mark E. Scott, Philadelphia, for appellees.

BEFORE: COLINS, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, FRIEDMAN, Judge, LEADBETTER, Judge, SIMPSON, Judge and LEAVITT, Judge.

OPINION BY Judge LEADBETTER.

Edward Appel appeals from an order of the Court of Common Pleas of Bucks County (common pleas), which granted summary judgment in favor of Lawrence V. Edwards and the Township of Warwick (Township). Appel challenges the legal conclusion that Edwards was acting within the scope of his official duties as Township supervisor and therefore immune from liability at the time he made allegedly defamatory statements. We affirm.

The facts of this case are not in dispute. On September 7, 1999, the Warwick

Township Board of Supervisors (Board) held a meeting at which Edwards, a Township supervisor, and Appel were both present. During the meeting, Appel made it known that he wished to bring a matter to the attention of the Board. Before Appel had an opportunity to speak, Edwards stated that he was opposed to Appel speaking at the meeting and accused Appel of being an admitted thief of both Township and personal property. Following Edwards' comments, Appel addressed the Board regarding a street drainage problem. On December 30, 1999, Appel filed a complaint against Edwards and the Township alleging, in relevant part, that:

4. At all relevant times ... Edwards was a duly elected Supervisor of the Township of Warwick and was acting within the scope of his regular duties and employment and at all relevant times was acting as the agent, servant, and/or employee of the Township of Warwick.

...

8. Without provocation ... Edwards publicly announced, in the presence and hearing of the other persons assembled at the meeting, that [Appel] was an admitted thief of township property and an admitted thief of property belonging to a private organization.

9. [Edwards'] statements were maliciously false and were known by [Edwards] at the time of their utterance to be untrue.

10. [Edwards'] statements were understood by those in attendance at the Supervisor's Meeting to refer to [Appel], and [Edwards] intended his remarks to refer to [Appel].

11. By reason of [Edwards'] malicious utterances, [Appel] has been damaged in his good name and reputation and has been subject to scorn, ridicule, and contempt in the community in which he resides, all to his damage.

12. Further, as a direct and proximate result of [Edwards'] malicious utterances, [Appel] has sustained acute physical and emotional distress, humiliation, embarrassment, and aguish.

13. Because of the malice and ill-will of [Edwards] in uttering the slanderous statements, [Appel] is entitled to recover punitive damages.

On December 19, 2001, Edwards and the Township moved for summary judgment, claiming they are entitled to judgment as a matter of law because "[a] Township Supervisor is within the class of individuals identified as "a high public official" who are immune from tort liability when the alleged tort is committed in the performance of governmental functions." In his answer, Appel averred that Edwards was acting outside the scope of his authority at the time the comments were made. On May 7, 2002, common pleas granted summary judgment in favor of Edwards and the Township.[1] Appel filed the present appeal.[2]

Pursuant to Pa. R.A.P.1925(a),[3] common pleas filed an opinion explaining that, in

---

1. Pa. R.C.P. No. 1035.2(1) provides, in relevant part, that:

    After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
    (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report ...

2. Common pleas entered judgment in favor of the Township based on sovereign immunity. In the present appeal, Appel does not contest the judgment in favor of the Township.

3. Rule 1925(a) provides that:
    (a) Upon receipt of the notice of appeal the judge who entered the order appealed from,

his capacity as a Township supervisor, Edwards was a high public official. In addition, the court concluded that the doctrine of absolute privilege shielded him from liability for his statements at the Board meeting. Appel challenges this conclusion.

■ Initially, Appel argues that a determination of whether Edwards exceeded the scope of his authority is a question of fact for a jury and cites *Rok v. Flaherty* in support of this contention. 106 Pa. Cmwlth. 570, 527 A.2d 211 (1987), *appeal denied,* 517 Pa. 628, 538 A.2d 880 (1988). When there is no question as to the circumstances under which an allegedly defamatory communication was made, the question of whether that communication was privileged is a question of law to be decided by a judge. *See Montgomery v. Dennison,* 363 Pa. 255, 264–265, 69 A.2d 520, 525 (1949). The instant case is distinguishable from *Rok* because here there is no dispute as to the circumstances under which Edwards made his allegedly defamatory comments. Furthermore, in *Rok,* we remanded the case to allow the city controller to file an answer, not to allow a jury to make a determination as to whether the city controller's statements were made within the scope of his employment. Thus, whether Edwards, as a Township supervisor, is shielded from liability for statements made during the Township meeting is a conclusion of law, over which we exercise plenary review. *See Phillips v. A–Best Prods. Co.,* 542 Pa. 124, 130, 665 A.2d 1167, 1170 (1995).

■ It is well-established that township supervisors are "high public officials." *Jonnet v. Bodick,* 431 Pa. 59, 62, 244 A.2d 751, 753 (1968). Under the doctrine of absolute privilege, high public officials are exempt

from all civil suits for damages arising out of false defamatory statements and even from statements or actions motivated by malice, *provided the statements are made or the actions are taken in the course of the official's duties or powers and within the scope of his authority, or as it is sometimes expressed, within his jurisdiction ...*

*Matson v. Margiotti,* 371 Pa. 188, 194, 88 A.2d 892, 895 (1952) (emphasis in original). In *Lindner v. Mollan,* 544 Pa. 487, 677 A.2d 1194 (1996), a councilman and chairman of the finance committee sued the mayor of the borough for defamatory remarks made during the course of a borough council meeting. During the meeting and while the borough's budget deficit and financial situation were being discussed, the mayor said to the councilman: "And I'll say it right to your face; you're the village idiot ... You've been dipping into the till. I know for a fact. And you know I know." *Id.* at 489, 677 A.2d at 1195. The Supreme Court affirmed summary judgment in favor of the mayor. The Court stated that the mayor is permitted by statute to attend borough council meetings and is given statutory authority over fiscal matters. Thus, the Court reasoned that, because the mayor "was engaged in a discussion with members of the Yeadon Borough Council about the Borough's financial affairs, which is a matter within the course of his duties and the scope of his authority as Mayor," his comments were made within the scope of his official duties and he was immune from the councilman's slander and libel suit. *Id.* at 498, 677 A.2d at 1199.

if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

In *Hall v. Kiger*, 795 A.2d 497 (Pa. Cmwlth.2002), *alloc. denied*, 572 Pa. 713, 813 A.2d 846 (2002), Hall brought suit against Kiger, a local councilman, for defamatory comments made by the councilman during a borough meeting. Kiger's statements were made in response to Hall's criticism of the borough's police chief. In response to Hall's allegations regarding the police chief, the councilman not only reported the results of his investigation of the chief but also challenged Hall's credibility. Kiger stated that Hall had been physically abusive to his family and that they had sought protection-from-abuse orders as a result of his conduct. In reversing and remanding for entry of judgment *n.o.v.* in favor of Kiger, we identified two factors that are particularly relevant in determining whether the doctrine of absolute privilege is applicable to high public officials: 1) the formality of the forum in which the allegedly defamatory comments were spoken or published, and 2) the relationship of the legitimate subject of governmental concern to the person seeking damages for the defamatory utterance. *Id.* at 501. In *Hall*, we stated that:

> With these factors in mind, we conclude that Councilman Kiger's statements were closely related to his legitimate duties, because, as noted above, (1) he made the statements in the context of a public meeting while (2) performing his duty as councilman to report on a matter of great public concern that had been initiated by the subject of the defamatory comments. In the *Lindner* case, the public official voiced his concerns at a formal meeting, and although his statements did not relate directly to the subject of public concern, the budget, his defamatory statements did relate to a person who bore a relationship to the issue of the budget. *Just as the councilman in Lindner was not the pertinent subject of discussion at the council meeting in that case, Hall was not the pertinent subject at the August 15 meeting of the Lincoln Borough Council; nevertheless, Hall was related to the subject of discussion because he initially raised the issue.*

*Id.* at 501–502 (emphasis added).

Appel distinguishes *Lindner* from this case by arguing that there were no public issues before the Township supervisors at the time Edwards made his allegedly defamatory comments and that, for this reason, Edwards is not protected by the doctrine of absolute immunity. We disagree. A close reading of *Hall* reveals that a high public official is immune from defamation suits even if the allegedly defamatory comments regarding the plaintiff are not pertinent to the topic of discussion, provided that the plaintiff had made a conscious decision to engage the official in a formal forum regarding a legitimate matter of public concern. Thus, we fail to see any meaningful distinction in Appel's argument in light of the fact that a specific topic of discussion will not inevitably dictate when absolute immunity is applicable.

█ It is undisputed that, at the time Edwards made his comments, he was acting as a Township supervisor at an official Township meeting. One of Edwards' responsibilities as a Township supervisor was to hear the issues and concerns of local Township residents. Thus, when Appel requested permission to address the Board, Appel had made a conscious decision to engage Edwards and the other supervisors in their official role as public servants in a formal forum regarding a matter of public concern, namely, a street drainage problem. Consequently, whether or not Appel had actually raised any issues before the allegedly defamatory comments were made is irrelevant. What is relevant, however, is Appel's relationship to the

Board after he voluntarily decided to stand up and participate in the official Township meeting. It is this relationship, a Township resident addressing a supervisor at a Township meeting, on which we base our decision in favor of absolute immunity.

■ It is important to note that immunity from civil liability for defamation, "rests upon the idea that conduct which otherwise would be actionable is to escape liability because the defendant is acting in furtherance of some interest of social importance, which is entitled to protection even at the expense of uncompensated harm to plaintiff's reputation." *Montgomery v. City of Philadelphia*, 392 Pa. 178, 181, 140 A.2d 100, 102 (1958). The immunity is grounded on principles of public policy; it is "not for the benefit of high public officials but for the benefit of the public." *Barto v. Felix*, 250 Pa.Super. 262, 378 A.2d 927, 932 (1977). Thus, while it is often difficult to defend otherwise objectionable conduct, courts must be mindful of the significant policy objectives associated with immunity, such as the protection of the public's right to full disclosure of the facts and conduct of government business. Furthermore, while it is obvious that Edwards' comments taken individually do not further some interest of social importance, Edwards' participation and role in the Township meeting does. Accordingly, it is this important societal activity which we seek to protect in holding Edwards immune and thereby "removing any inhibition which might deprive the public of the best service of its officers and agencies." *Montgomery*, 392 Pa. at 183, 140 A.2d at 103. Furthermore, we also note that objectionable defamatory comments on the part of high public officials are generally inhibited by the fact that high public officials in local municipalities are for the most part elected and dependent upon the continued public support of voters. Thus, the electoral process provides an effective mechanism to deter high public officials from intimidating or defaming citizens who choose to exercise their right to speak in public forums.

Accordingly, having determined that common pleas properly entered summary judgment in favor of Edwards, we affirm.

### ORDER

AND NOW, this 10th day of July, 2003, the order of the Court of Common Pleas of Bucks County in the above captioned matter is hereby AFFIRMED.

DISSENTING OPINION BY Judge FRIEDMAN.

I respectfully dissent. The majority holds that the Court of Common Pleas of Bucks County (trial court) properly concluded that, based on the doctrine of absolute privilege, Lawrence V. Edwards (Edwards) is entitled to summary judgment in the defamation suit brought against him by Edward Appel (Appel). For the following reasons, I cannot agree.

Edwards is a member of the Warwick Township Board of Supervisors (Board); as a township supervisor, Edwards is a "high public official."[1] At the Board's September 7, 1999, meeting, Appel made it known that he wished to bring a matter to the attention of the Board. The minutes of the meeting state:

Mr. Edwards said that before Mr. Appel speaks, "he is vehemently opposed to Mr. Appel speaking. He is an admitted thief of Township property. He is an admitted thief of personal property from a private organization, and not only that, it is a well know fact that (inaudible)".

---

1. *Jonnet v. Bodick*, 431 Pa. 59, 62, 244 A.2d 751, 753 (1968).

Mr. Peluso interrupted Mr. Edwards, taking Ms. Schaaf's words as advice, that it is Mr. Appel's right to speak. We should not treat any citizen in this matter.

(Minutes of 09/07/1999 Board meeting, p. 2). Appel then proceeded to speak to the Board about a drainage problem on a road.

The doctrine of absolute privilege provides that high public officials are exempt

> from all civil suits for damages arising out of false defamatory statements and even from statements or actions motivated by malice, *provided the statements are made or the actions are taken in the course of the official's duties or powers and within the scope of his authority, or as it is sometimes expressed, within his jurisdiction ....*

*Matson v. Margiotti,* 371 Pa. 188, 194, 88 A.2d 892, 895 (1952) (emphasis in original). Two factors have helped courts determine whether the doctrine of absolute privilege applies in a particular case: (1) the formality of the forum in which the allegedly defamatory comments were spoken or published; and (2) the relationship of the legitimate subject of governmental concern to the person seeking damages for the defamatory utterance. *Hall v. Kiger,* 795 A.2d 497, (Pa.Cmwlth.), *appeal denied,* 572 Pa. 713, 813 A.2d 846 (2002).

Here, there was no legitimate subject of governmental concern before the Board at the time Edwards made his allegedly defamatory comments. Appel had only requested permission to speak. The alleged defamation was already a *fait accompli* by the time Appel was permitted to raise the issue of a drainage problem on a road. Because Edwards' allegedly defamatory comments were not made in connection with any legitimate subject of governmental concern, I would conclude that the comments were not made within the scope of his official duties.

As a high public official, Edwards has no absolute privilege to defame a citizen for merely exercising his constitutional right to free speech or municipal right to freely speak at a public meeting. The doctrine of absolute privilege given to public officials is to be used as a shield, not as a sword. Otherwise, citizens will be treated like there is a totalitarian climate when they attend public assemblies, with the citizens in fear of raising their hands or speaking out because public officials could intimidate them and defame them without fear of retribution.

Because I conclude that the doctrine of absolute immunity does not protect Edwards from Appel's suit for the damages, I would reverse that part of the trial court's order granting summary judgment in favor of Edwards and remand this case for further proceedings.

Judge SMITH–RIBNER joins in this dissent.