IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tony Dphax King,                          :
                                          :
                    Appellant             :
                                          :
          v.                              :   No. 301 C.D. 2023
                                          :   Submitted: June 4, 2024
The Philadelphia Parking Authority        :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge (P.)
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                    FILED:     July 17, 2024


          Tony Dphax King (Driver), proceeding *pro se*, appeals from an order of the Philadelphia County Court of Common Pleas (trial court) that granted the Philadelphia Parking Authority, Steven C. Boc (Boc), and Dennis G. Weldon Jr.'s (Weldon)[1] (collectively, the Authority) motion for summary judgment (Motion) and dismissed Driver's claims with prejudice. Driver contends that the trial court erred or abused its discretion by granting the Authority's Motion. We affirm.

          Driver commenced this action by filing a civil action in municipal court against the Authority on March 19, 2021, to dispute collection notices for one parking ticket (No. 726845431 – alleged offense date April 18, 2016) and one red-

---

[1] Boc and Weldon are attorneys for the Authority.

light camera violation (No. RL160219237 - alleged offense date December 28, 2016) (collectively, the Violations). On June 24, 2021, after argument, the municipal court entered judgment for the Authority on the basis that it lacked jurisdiction over Driver's Violations.

On July 10, 2021, Driver appealed this judgment to the trial court. On August 10, 2021, Driver also filed a complaint and requested a jury trial. In response to the Authority's preliminary objections (POs), Driver amended his complaint twice. In the second amended complaint, Driver asserted that the Authority is not legally permitted to collect unpaid fines stemming from the Violations issued to him. Driver asked the trial court to dismiss the Violations. He requested an award of damages in the amount of $652.95 to compensate him for his alleged "loss of work, service fees, [and] time invested" incurred in connection with his litigation of the Violations. Original Record (O.R.), Item No. 11 at 14. Driver also demanded damages "up to $12,000 to pay the filing fee of $581.17 (which was waived) and future economic injury (loss of future business opportunity) due to the PROSECUTION of this matter." *Id*. at 15 (footnote omitted).

The Authority filed an answer with new matter to Driver's second amended complaint. Following the close of discovery, the Authority filed the Motion seeking summary judgment and a memorandum of law in support. O.R., Item No. 18. In the Motion, the Authority asserted that Driver failed to produce evidence in support of his claims. The Authority also contended that it was entitled to judgment as a matter of law for several reasons. First, the Authority asserted that the trial court lacked subject matter jurisdiction because Driver did not first dispute the underlying Violations with the Bureau of Administrative Adjudication (BAA) and the Office of Administrative Review (OAR) as required by the Local Agency

2

Law, 2 Pa. C.S. §§551-555, 751-754, and Chapter 12 of The Philadelphia Code (Traffic Code) before seeking judicial review. Second, the Authority asserted that the Authority itself is shielded by governmental immunity under Sections 8541-8542 of the Judicial Code, 42 Pa. C.S. §§8541-8542 (commonly referred to as the Political Subdivision Tort Claims Act). Third, the Authority argued that Driver's claims for civil damages against the Authority's attorneys, Boc and Weldon, were barred by the doctrine of qualified immunity, which shields government officials and employees acting within the scope of their duties from liability for civil damages. Driver filed a response in opposition. By order dated March 2, 2023, the trial court granted the Authority's Motion and dismissed Driver's claims with prejudice without opinion.

On March 26, 2023, Driver filed a notice of appeal in this Court.[2] On March 29, 2023, the trial court directed Driver to file a concise statement of errors complained of on appeal (Statement), pursuant to Pa.R.A.P. 1925(b) (Rule 1925(b)), within 21 days. On April 16, 2023, Driver filed a 6-page Statement containing 23 lettered paragraphs, each containing a purported issue on appeal.

On June 20, 2023, the trial court issued a written opinion pursuant to Pa.R.A.P. 1925(a) (Rule 1925(a) Opinion) requesting this Court to dismiss Driver's appeal on the basis that he "waived review by filing an improperly lengthy and expansive" Statement. Trial Ct. Op., 6/20/23, at 1. Should this Court reach the merits of the appeal, the trial court opined that it did not err or abuse its discretion by granting summary judgment to the Authority and dismissing Driver's claims with

---

[2] "Our review of a trial court's order granting summary judgment is *de novo*, and our scope of review is plenary; this Court applies the same standard for summary judgment as the trial court." *Lancaster County Agriculture Preserve Board v. Fryberger*, 257 A.3d 192, 199 n.13 (Pa. Cmwlth. 2021). "Summary judgment is appropriate only where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law." *Id.*

3

prejudice. The trial court explained that the Authority demonstrated in its Motion that Driver failed to exhaust his administrative remedies by not challenging the underlying Violations, did not plead an exception to governmental immunity, and did not present any claims against individual defendants Boc and Weldon that would overcome the bar of qualified immunity. *Id*. at 4. The trial court added that Driver's response did not overcome the Authority's arguments. *Id*.

We must first examine whether Driver preserved any issues for appellate review pursuant to Rule 1925(b). Rule 1925(b) provides that, "[i]f the judge entering the order giving rise to the notice of appeal ('judge') desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('Statement')." Pa.R.A.P. 1925(b). "Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal." *Commonwealth v. Dowling*, 778 A.2d 683, 686-87 (Pa. Super. 2001).

Rule 1925(b) is not satisfied by simply filing a timely statement. *Commonwealth v. Ray*, 134 A.3d 1109, 1114 (Pa. Super. 2016). "The Statement shall set forth only those errors that the appellant intends to assert." Pa.R.A.P. 1925(b)(4)(i). The Statement must "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). "The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver." Pa.R.A.P. 1925(b)(4)(iv). "Issues not

included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."  Pa.R.A.P. 1925(b)(4)(vii).

The "statement must be sufficiently 'concise' and 'coherent' such that the trial court judge may be able to identify the issues to be raised on appeal . . . ." *Ray*, 134 A.3d at 1114 (quoting *Jiricko v. Geico Insurance Co.*, 947 A.2d 206, 210 (Pa. Super. 2008)).  Rule 1925(b) Statements "must be detailed enough so that the judge can write a Rule 1925(a) opinion, but not so lengthy that it does not meet the goal of narrowing down the issues previously raised to the few that are likely to be presented to the appellate court without giving the trial judge volumes to plow through." *Arnoldy v. Forklift L.P.*, 927 A.2d 257, 261 n.1 (Pa. Super. 2007).

"[W]hen appellants raise an 'outrageous' number of issues in their 1925(b) [S]tatement, the appellants have 'deliberately circumvented the meaning and purpose of Rule 1925(b) and ha[ve] thereby effectively precluded appellate review of the issues [they] now seek to raise.'" *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007), *aff'd*, 977 A.2d 1170 (Pa. 2009) (quoting *Kanter v. Epstein*, 866 A.2d 394, 401 (Pa. Super. 2004)); *accord Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006); *Lineberger v.Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006). Waiver of the issues is the appropriate remedy for an appellant's failure to comply with Rule 1925(b).  *See, e.g.*, *Brandywine Hospital, LLC v. County of Chester Board of Assessment Appeals*, 291 A.3d 467, 476 (Pa. Cmwlth.), *appeal denied*, 308 A.3d 779 (Pa. 2023) (appellant waived all issues on appeal by filing a 19-page statement that contained 90 issues and sub-issues replete with redundancies); *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1042 (Pa. Super. 2018) (53-page "defamatory rant against everything and everyone involved in this case show[ed] complete defiance toward the purpose of appellate review" and merited dismissal of the appeal);

5

*Jiricko*, 947 A.2d at 210, 213 (waiver found where five-page "virtually incomprehensible" statement was "an incoherent, confusing, redundant, defamatory rant"). *Cf. Donoughe v. Lincoln Electric Co.*, 936 A.2d 52, 59-60 (Pa. Super. 2007), *overruled in part on other grounds by Nelson v. Airco Welders Supply*, 107 A.3d 146 (Pa. Super. 2014) (issues not waived where 12 allegations of error in a four-page statement were "fairly straightforward," were "not vague," and could be "stripped of sub-arguments or other extraneous verbiage"); *Caln Nether Co., L.P. v. Board of Supervisors, Thornbury Township*, 840 A.2d 484, 490 (Pa. Cmwlth. 2004) (statement raising 23 issues, while problematic, did not serve as grounds for dismissal).

Here, Driver, who represented himself throughout the proceedings, filed a six-page Statement containing 23 allegations of error. Although Driver's Statement was lengthy, it was not so incoherent or vague that it was impossible to discern the issues Driver intended to raise. Despite the multiplicity of issues raised, in essence, Driver contends that the trial court erred in granting the Authority's Motion upon determining that it lacked jurisdiction to consider Driver's collection challenge because Driver did not exhaust his administrative remedies to challenge the underlying Violations and the Authority, and the individual defendants were immune from suit. Driver sufficiently developed these arguments in his brief. We, therefore, decline to find waiver, and we address these three central issues.

### 1. Failure to Exhaust Administrative Remedies

First, Driver contends that the Authority was not authorized to collect fees for traffic violations. He claims that the collection action is barred by the three-year statute of limitations under Section 5553 of the Judicial Code, 42 Pa. C.S. §5553. The Authority violated Section 5553 by instituting collection

proceedings four years after the Violations' offense dates. The Authority has never referenced nor provided a defense to Section 5553 in any of its pleadings.

Section 5553(a) of the Judicial Code provides that "proceedings for summary offenses" involving vehicles "must be commenced within 30 days after the commission of the alleged offense or within 30 days after the discovery of the commission of the offense or the identity of the offender, whichever is later, and not thereafter." 42 Pa. C.S. §5553. Section 5553(e) provides: "No proceedings shall be held, or action taken pursuant to a summary offense under Title 75 [(relating to motor vehicles)] subsequent to three years after the commission of the offense." 42 Pa. C.S. §5553(e).

Here, the alleged offense date for the parking ticket was April 18, 2016, and for the red-light camera violation was December 28, 2016. On April 26, 2020, the Authority attempted to collect the unpaid fines associated with the Violations. On this basis, Driver claims that the Authority had no legal right to collect fines for the Violations as the collection proceeding or action was time barred by the statute of limitations under Section 5553 of the Judicial Code.

Driver's reasoning rests on the false presumption that the collection of fines is a "proceeding" or "action taken" as used in Section 5553. However, "fine collection is neither a proceeding nor an action" as defined so as to be barred by the statute of limitations for motor vehicle summary offenses. *Commonwealth v. Marr*, 627 A.2d 757, 759 (Pa. Super. 1993).[3] Therefore, Section 5553 was not implicated or violated by the fee collection.

---

[3] An "action" is defined as "any action at equity or law." 42 Pa. C.S. §102; *see Marr*, 627 A.2d at 758. "Proceeding" is defined as including "every declaration, petition or other application which may be made to a court under law or usage or under special statutory authority, but the term does not include an action or an appeal." 42 Pa. C.S. §102; *see Marr*, 627 A.2d at 759.

7

Insofar as Driver is attempting to dispute the underlying Violations themselves, which led to the fines being placed into collection, Driver did not exhaust the administrative remedies available. Under Section 752 of the Local Agency Law, "[a] person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals" under the Judicial Code. 2 Pa. C.S. §752. The Traffic Code details the administrative process for disputing parking and red-light camera violations. *See* Phila. Code §§12-2807(3), 12-3010, 12-3011. A person who has received a parking ticket from Philadelphia Traffic Court may contest the violation. Phila. Code §12-2807(8). If a person fails to answer or fails to appear at a hearing when required to do so or fails to timely contest the parking violation by mail or electronic submission, the Parking Hearing Examiner shall fix the appropriate fine and assess appropriate costs and fees, if any. Phila. Code §12-2807(3). Similarly, a person who has received a red-light violation may request a hearing within 30 days to contest the liability of the alleged notice and has the right to appeal the decision. Phila. Code §§12-3009(1), 12-3011. A person aggrieved by a parking ticket or red-light camera violation may contest final orders to the trial court within 30 days. *See* Pa.R.Civ.P. 902, 903; 42 Pa. C.S. §§933, 5571.

However, Driver never contested the Violations. Consequently, the Authority began collection on the unpaid fines related to those Violations. Critically, having failed to exhaust his administrative remedies before seeking judicial review regarding the collection of the fines, the trial court lacked jurisdiction. *See Badio v. Philadelphia Parking Authority* (Pa. Cmwlth., No. 1065 C.D. 2014, filed February 26, 2015) (holding trial court lacked subject matter jurisdiction based on the appellant's failure to properly appeal parking tickets and contest auction-related

8

court orders);[4] *see also Jonnet v. Bodick*, 244 A.2d 751, 753 (Pa. 1968) (holding plaintiff was not permitted to recoup losses he might have avoided by taking an available administrative appeal). Thus, the trial court properly entered summary judgment in favor of the Authority.

## 2. Governmental Immunity

Next, Driver contends that the Authority is not immune from suit under the Judicial Code. We disagree.

Section 8541 of the Judicial Code provides governmental immunity for local agencies, such as the Authority. 42 Pa. C.S. §8541. Specifically, under Section 8541, "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S. §8541. Section 8542 lists exceptions to immunity that apply if certain conditions are met. 42 Pa. C.S. §8542. Section 8542(a) provides:

> (a) **Liability imposed**.--A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
>
> (1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

---

[4] Unreported memorandum opinions of this Court filed after January 15, 2008, may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

> (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice, or willful misconduct.

42 Pa. C.S. §8542(a). The exceptions must relate to vehicle liability; the care, custody, or control of personal property; real property; trees; traffic controls and street lighting; utility service facilities; streets; sidewalks; care, custody, or control of animals; and sexual abuse. 42 Pa. C.S. §8542(b)(1)-(9). Driver failed to plead any of those exceptions. Thus, the trial court properly concluded that the Authority was immune from suit.

### 3. Qualified Immunity

Third, Driver contends that qualified immunity defense does not protect official conduct that violates clearly established statutory or constitutional rights. Because individual defendants Boc and Weldon violated Section 5553 of the Judicial Code, Driver contends that they are not immune from suit. We disagree.

The doctrine of qualified immunity protects government officials and public servants "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal citation and quotations omitted). It provides immunity "so long as those officials did not violate individual rights which were clearly established at the time, and about which a reasonable government official would have known." *Johnson v. Wetzel*, 238 A.3d 1172, 1178 (Pa. 2020). It protects a public servant who has not engaged in actionable conduct from the possibility of suit not just as a mere defense to

10

liability. *DuBree v. Commonwealth*, 393 A.2d 293, 295 (Pa. 1978); *see Dorsey v. Redman*, 96 A.3d 332, 344 (Pa. 2014).

Here, Driver contends that Boc and Weldon are not entitled to immunity based solely on his position that they violated his statutory rights arising under Section 5553 of the Judicial Code in collecting fines for the Violations and defending this action. Having concluded above that Section 5553 was not violated, we conclude that the trial court did not err in determining that Boc and Weldon are immune from suit.

Accordingly, we affirm the trial court's order.

_____
MICHAEL H. WOJCIK, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tony Dphax King,              :
                                :
              Appellant   :
                                :
          v.            : No. 301 C.D. 2023
                                :
The Philadelphia Parking Authority  :

# **O R D E R**

AND NOW, this <u>17th</u> day of <u>July,</u> 2024, the order of the Philadelphia County Court of Common Pleas dated March 2, 2023, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge