J-S45028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                              :           PENNSYLVANIA
                              :
             v.               :
                              :
                              :
MICHAEL ANDREW NOLL           :
                              :
          Appellant           :   No. 489 MDA 2025

Appeal from the PCRA Order Entered March 11, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004981-2011

BEFORE:   STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:          **FILED: FEBRUARY 18, 2026**

Michael Andrew Noll (Appellant) appeals, *pro se*, from the order denying his "Petition for Writ of Error *Coram Nobis* and/or Petition for Writ of *Audita Querela*," which the lower court construed as a second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful consideration, we affirm.

A detailed recitation of the facts underlying Appellant's conviction is unnecessary for our disposition. In short, the Commonwealth alleged that, on May 24, 2011, Appellant sexually assaulted the victim in a stairwell of the Assembly of God Church in York County, Pennsylvania. Affidavit of Probable

_____

[*] Retired Senior Judge assigned to the Superior Court.

Cause, 5/25/11, at 1. A prior panel of this Court outlined the relevant procedural history:

> [O]n May 17, 2012, Appellant entered a *nolo contendere* plea to one count of indecent assault, 18 Pa.C.S.[A.] § 3126(a)(1). That same day, he was sentenced to 164 to 328 days' incarceration. Having already served that maximum term, Appellant was immediately released from custody. He did not file a post-sentence motion or a direct appeal.
>
> On July 12, 2017, Appellant[, *pro se*,] filed [an "Application for Leave to File Post-Sentence Motions/Appeal *Nunc Pro Tunc*" (application for leave).] Therein, he alleged … that the trial court did not inform him of his appeal rights after he was sentenced, and his counsel abandoned him by not filing a post-sentence motion or an appeal on his behalf. Appellant argued that he was deprived of his constitutional right to a direct appeal, and he requested that his post-sentence motion and direct appeal rights be reinstated *nunc pro tunc*. On November 27, 2017, Appellant's motion was denied by operation of law. Appellant filed a *pro se* notice of appeal on December 27, 2017. ….

***Commonwealth v. Noll***, 47 MDA 2018 (Pa. Super. 2018) (unpublished memorandum at 1-2) (one paragraph break omitted).

On appeal, we determined the trial court erred by not treating Appellant's motion as a first PCRA petition. ***Id.*** (unpublished memorandum at 4) (observing Appellant's claims "are clearly cognizable under the PCRA" (citing 42 Pa.C.S.A. § 9543(a)(2)(ii), (iv)). Nevertheless, we concluded remand was unnecessary, as

> [o]ur review of the record confirms that Appellant has completed serving his sentence of incarceration for the at-issue offense. Under [42 Pa.C.S.A. §] 9543, to be eligible for PCRA relief, a petitioner must demonstrate that he is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.[A.] § 9543(a)(1)(i); ***see also Commonwealth v. Matin***, 832 A.2d 1141, 1143 (Pa. Super. 2003) ("A petitioner is

ineligible for relief under the PCRA once the sentence for the challenged conviction is completed.") (citing **Commonwealth v. Ahlborn**, 699 A.2d 718 (Pa. 1997)).

**Id.** (unpublished memorandum at 5); **see also id.** (unpublished memorandum at 6 n.2) (concluding the trial court's failure to appoint Appellant counsel (**see** Pa.R.Crim.P. 904(C) ("[T]he judge shall appoint counsel to represent the defendant on the defendant's first [PCRA] petition ….") was harmless, as "the record in this case is dispositive of the fact that Appellant has completed his sentence." (emphasis omitted)).  Accordingly, we affirmed the trial court's order.  **Id.** (unpublished memorandum at 6). Appellant requested the Pennsylvania Supreme Court grant him leave to file a petition for allowance of appeal *nunc pro* tunc, which the Court denied.

On January 7, 2025, more than six years later, Appellant filed a *pro se* document entitled "Petition for Writ of Error *Coram Nobis* and/or Petition for Writ of *Audita Querela* and Consolidated Memorandum of Law" (*coram nobis* petition or PCRA petition).[1]  Therein, Appellant requested a hearing, "an order vacating his conviction," or "an order reinstating his appeal rights, *nunc pro tunc*[,]" alleging the same grounds for relief he advanced in his application for

_____

[1] A writ of *audita querela* is "available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses."  BLACK'S LAW DICTIONARY 150 (9th ed. 2009). Notwithstanding the title of Appellant's petition, Appellant's petition did not provide a basis for his request for issuance of a writ of *audita querela*, and he has not done so on appeal.  We discuss his request for issuance of a writ of *coram nobis infra*.

- 3 -

leave, *i.e.*, (1) the trial court's failure to advise Appellant of his post-sentence and direct appeal rights deprived him of his right to file post-sentence motions or appeal his judgment of sentence; and (2) Appellant's counsel provided ineffective assistance by failing "to consult with [Appellant] about an appeal and, in fact, completely abandoned him after sentencing." *Coram Nobis* Petition, 1/7/25, at 6-7.

On March 11, 2025, the PCRA court issued an order indicating it was treating Appellant's *coram nobis* petition as a second PCRA petition. Order, 3/11/25. Citing **Noll**, **supra**, the PCRA court denied Appellant's PCRA petition without a hearing, finding "that [Appellant] is not eligible for PCRA [r]elief." **Id.**[2] Appellant filed a timely *pro se* notice of appeal. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following three issues:

A. Is departure from the law of the case doctrine warranted because the prior holdings were clearly erroneous and would create manifest injustice if followed, and because a hearing would establish a substantial change in the facts entitling [Appellant] to long overdue relief?

B. Where [Appellant] was quickly convicted and sentenced to time already served in a single proceeding in which there was a

---

[2] The PCRA court did not notify Appellant of its intent to deny his PCRA petition without a hearing, in contravention of Pa.R.Crim.P. 907. **See** Pa.R.Crim.P. 901(1) (requiring a PCRA court to give notice of its intent to dismiss a PCRA petition without a hearing, to which the petitioner may respond within 20 days of the date of the notice). Appellant has not, however, raised this procedural defect on appeal. **See Commonwealth v. Kirwan**, 221 A.3d 196, 198 n.7 (Pa. Super. 2019) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver." (citation omitted)).

breakdown in the court process and his ineffective plea counsel abandoned him immediately thereafter, can the PCRA be constitutionally applied to [Appellant] to perpetuate the deprivation of his fundamental constitutional right to directly appeal his wrongful conviction with the assistance of appointed counsel[,] since [Appellant] is not, never was, and never will be eligible to seek collateral relief under the PCRA?

C. Is *coram nobis* relief available under the extraordinarily unique facts and circumstances of this particular case to vindicate [Appellant's] right to remedy where he is actually innocent and agreed to and passed 3 polygraph tests[,] but was induced to convict himself by ineffective counsel, where he was immediately deprived of his constitutional right to a direct appeal by a breakdown in the court process and his abandonment by counsel, where he was never eligible to seek relief under the PCRA, and where he has raised challenges that both this Court sitting *en banc* and the Supreme Court of Pennsylvania have explicitly recognized are available outside the framework of the PCRA?

Appellant's Brief at 4 (capitalization modified; issues reordered).

We consider Appellant's arguments together, as they are related. Appellant argues that the PCRA court erred in construing his *coram nobis* petition as a second PCRA petition based on our prior panel's conclusion in **Noll**, **supra**. Appellant insists that "[d]eparture from the law of the case doctrine[3] is warranted[,]" because, in his estimation, **Noll** was wrongly decided. Appellant's Brief at 20 (footnote added).

_____

[3] Our Supreme Court has explained that "the law of the case doctrine provides, in pertinent part, that upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court." **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999) (citation, quotations marks, and ellipsis omitted). "We may not depart from the law of the case doctrine unless confronted with exceptional circumstances, such as where the prior holding was **clearly erroneous and would create manifest**
*(Footnote Continued Next Page)*

According to Appellant, the PCRA, as applied to him, is unconstitutional because it never afforded him the opportunity to challenge the purported deprivation of his post-sentence and direct appeal rights. *Id.* at 14-15. In support of his argument, Appellant relies on *Commonwealth v. Stock*, 679 A.2d 760 (Pa. 1996).

In *Stock*, the undisputed facts established that Christopher Stock's (Stock) privately-retained counsel failed to timely file a requested appeal of Stock's summary traffic convictions. *Id.* at 761-62. The trial court quashed Stock's untimely appeal. *Id.* at 762. After obtaining new counsel, Stock filed a petition for permission to appeal *nunc pro tunc*, which the trial court denied. *Id.* at 762. On appeal, the *Stock* Court identified the pertinent inquiry as whether "counsel's failure to file an appeal in a summary case[,] where requested[,] which results in the loss of the [a]ppellant's state constitutional right to appeal[,] amounts to such extraordinary circumstances so as to merit the remedy of an appeal *nunc pro tunc*?" *Id.* at 764. The *Stock* Court concluded that, because Stock was never eligible for relief under the PCRA, his constitutional right to appeal could "only be vindicated by granting him an appeal *nunc pro tunc*." *Id.*; *see also Commonwealth v. Hall*, 771 A.2d

---

**injustice if followed**." *Id.* (citation and quotation marks omitted; emphasis added); *see also Commonwealth v. Viglione*, 842 A.2d 454, 465 (Pa. Super. 2004) (explaining that a prior court's ruling is clearly erroneous where it is "so palpably erroneous that reversal is almost certain on appeal." (citation omitted)).

- 6 -

1232 (Pa. 2001) ("***Stock*** is consistent with our PCRA jurisprudence, which recognizes that the PCRA subsumes other remedies only with respect to remedies offered under the PCRA.").

As in ***Stock***, Appellant argues, he was never "eligible to seek collateral relief under the PCRA because he could not satisfy the PCRA's custody requirement[.]" Appellant's Brief at 15. Appellant concludes, therefore, that "due process requires that corrective judicial procedure in the nature of *coram nobis* be available to correct the errors of fact[,] and egregious errors of law[,] that occurred in this case[.]" ***Id.***

Instantly, as explained above, Appellant styled his request for relief, raising the same issues decided in his first appeal, as a petition for a writ of *coram nobis*.

> The writ of error *coram nobis* is an ancient common law writ, the purpose of which is to bring before a court a judgment previously rendered by it for review or modification, on account of *some error of fact and not of law* affecting the validity and regularity of the proceedings, and which was not brought into the issue at the trial thereof.

***Commonwealth v. Fiore***, 665 A.2d 1185, 1189 (Pa. Super. 1995) (citation omitted; emphasis in original); ***see also id.*** ("[T]he writ of error *coram nobis* is a procedural tool whose purpose is **to correct errors of fact only**." (emphasis added; citation, quotation marks, and ellipses omitted)).

> It is [] generally accepted that the granting of a petition for such extraordinary relief[, *i.e.* a writ of *coram nobis*,] is not proper unless the extrinsic facts were not only not discovered at the time of trial, but also not discoverable by the petitioner at such time by the exercise of due diligence.

***Commonwealth v. Mangini***, 386 A.2d 482, 490 (Pa. 1978) (citations omitted).

Significantly, the PCRA provides that it "shall be the sole means of obtaining [post-conviction] collateral relief and encompasses all other common law and statutory remedies …, **including habeas corpus and coram nobis.**"   42 Pa.C.S.A. § 9542 (emphasis added); ***see also Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa. Super. 2004) ("It is only where the PCRA does not encompass a claim that other collateral procedures are available.").

"[*C*]*oram nobis* relief does not become available merely because the PCRA refuses to remedy a petitioner's grievance; rather, we look at the *claims* a petitioner is raising."   ***Pagan***, 864 A.2d at 1233 (emphasis in original). "[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence." ***Commonwealth v. Turner***, 80 A.3d 754, 765 (Pa. 2013).

Here, Appellant's claims, *i.e.*, that the trial court and his counsel curtailed his ability to vindicate his rights to seek relief in post-sentence motions or a direct appeal, are cognizable under the PCRA.  ***Commonwealth v. Descardes***, 136 A.3d 493, 499 (Pa. 2016) (observing that "the PCRA provides the exclusive remedy for post-conviction claims seeking restoration of appellate rights due to counsel's failure to perfect a direct appeal."  (citation omitted)); ***Turner***, 80 A.3d at 767 (stating ineffective assistance of counsel

claims are cognizable under the PCRA); ***Commonwealth v. Grafton***, 928 A.2d 1112, 1115 (Pa. Super. 2007) (concluding that a petitioner's claim that he "has been deprived of his post-sentence rights[, or the right to file a direct appeal,] through an omission of counsel or the court" is cognizable under the PCRA).

Moreover, Appellant's *coram nobis* petition does not assert any new *fact* "affecting the validity and regularity of" his guilty plea or sentencing proceedings, which would entitle him to the extraordinary remedy of issuance of a writ of *coram nobis*. ***Fiore***, 665 A.2d at 1189. Instead, Appellant's *coram nobis* petition raised garden-variety claims of trial court error and ineffective assistance of counsel. ***See generally*** *Coram Nobis* Petition, 1/7/25. Appellant did not, as in ***Stock***, file a petition to appeal his judgment of sentence *nunc pro tunc*. Further, Appellant wholly failed to explain the lengthy delay in filing his underlying petition. ***See Commonwealth v. Stadtfeld***, 665 A.2d 487, 490 (Pa. Super. 1995) ("[T]he individual seeking leave to appeal *nunc pro tunc* must establish that he/she acted promptly to assert such a right once learning of the existence of the grounds relied upon for such requested relief." (citation omitted)).

Accordingly, based upon the foregoing, our prior decision in ***Noll***, ***supra***, was not "clearly erroneous," and the PCRA court did not err by relying on ***Noll*** to conclude Appellant's *coram nobis* petition was properly considered a second petition under the PCRA.

Having determined the PCRA court correctly identified Appellant's *coram nobis* petition as a second PCRA petition, we consider whether the PCRA court erred in denying Appellant's requested relief. "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Hand***, 252 A.3d 1159, 1165 (Pa. Super. 2021) (citation omitted).

Before addressing the substantive merits of Appellant's issues, we first determine whether he is eligible for PCRA relief. To be eligible for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that he or she is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i). "Case law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief." ***Commonwealth v. Plunkett***, 151 A.3d 1108, 1109 (Pa. Super. 2016). "As our Supreme Court has explained, as soon as his sentence is completed, a PCRA petitioner becomes ineligible for relief." ***Commonwealth v. Gillins***, 302 A.3d 154, 160 (Pa. Super. 2023) (citing ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997)).

Further, we have recognized that

when a petitioner raises a PCRA claim attacking a specific conviction, he "is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed." ***Matin***, 832 A.2d at 1143 (citation omitted). It makes no difference whether the sentence is deemed completed because the imposed period of supervision expired, an appellate court vacated the sentence, or

the trial court imposed no penalty or granted credit for time served. The bottom line is that if a petitioner's PCRA claim assails a particular conviction, pursuant to the plain language of § 9543(a)(1), the petitioner **must** be serving or waiting to serve a sentence for that conviction in order to be eligible for relief on that claim.

*Commonwealth v. Davis*, 326 A.3d 988, 993 (Pa. Super. 2024) (citation modified; footnote omitted; emphasis in original), *appeal denied*, 338 A.3d 112 (Pa. 2025).

Instantly, Appellant acknowledges that he is ineligible for relief under the PCRA, as he is not currently serving a sentence for his underlying conviction. *See* Appellant's Brief at 6, 10, 14, 19. The above-cited authority confirms Appellant is statutorily ineligible for PCRA relief on this basis. 42 Pa.C.S.A. § 9543(a)(1)(i); *see also Plunkett*, 151 A.3d at 1109. Accordingly, we discern no error or abuse of discretion by the PCRA court in denying Appellant's second PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/18/2026

- 11 -